UNITED STATES of America,
Plaintiff–Appellee,

v.

William CURE a/k/a Calvin Coach,
Defendant–Appellant.

No. 91–6124.

United States Court of Appeals,
Eleventh Circuit.

Aug. 4, 1993.

Kathleen J. Cooper, Asst. Federal Public Defender, Miami, FL, for defendant-appellant.

Dexter Lehtinen, U.S. Atty., Linda Collins Hertz, Anne M. Hayes, Harry Wallace, Miami, FL, for plaintiff-appellee.

Before KRAVITCH and COX, Circuit Judges, and HOBBS *, Senior District Judge.

KRAVITCH, Circuit Judge:

Appellant William Cure was indicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[1] The district court denied a pretrial motion to suppress all evidence from the vehicle stop which led to the discovery of the weapon. The case was tried before a jury and Cure was convicted. The district court enhanced Cure's prison time pursuant to 18 U.S.C. § 924(e), which provides for an increased sentence for those who have committed three prior crimes. Cure was sentenced to a prison term of 180 months.

Cure raises three issues on appeal: 1) whether the district court erred in denying the motion to suppress evidence; 2) whether the court erred in allowing the prosecution to strike four black venirepersons; and 3) whether the court erred by sentencing Cure on the basis of prior crimes which took place when Cure was sixteen years old. We affirm the district court.

---

\* Honorable Truman M. Hobbs, Senior U.S. District Judge for the Middle District of Alabama, sitting by designation.

1. Section 922(g)(1) provides that:

(g) It shall be unlawful for any person-

## I.

On the night of the vehicle stop, Cure and two friends had gone to a social club. The three men left the club and drove away in a Cadillac. Cure sat alone in the back seat behind the driver. Manuel Alvarez, a Hialeah police officer who saw the car, testified at the suppression hearing that the automobile was travelling without its lights on. Cure, however, testified that the lights were on. Alvarez stated that he flicked his lights on and off, but the driver of the Cadillac did not respond. He began to follow the car, turning on his red and blue lights. While following the car, Officer Alvarez noticed that the occupant in the back seat bent down a few times. After the car pulled over, Officer Alvarez drew his gun and instructed the occupants to place their hands where he could see them. As he moved along the car, he saw a gun in plain view on the floor of the rear passenger section. He immediately returned to his car and called for backup. Officer Gonzalez responded to the call. Gonzalez ordered the occupants of the automobile to exit and he retrieved the gun from the back of the car. The officers ran a computer check which revealed that the automobile was not stolen, but the gun had been reported as stolen property. The owner of the car was cited for driving without a license, but was not cited for failure to use the headlights. Cure testified that Officer Alvarez did not mention the headlights during the stop. Cure, who had given the false name of Fred Moore, was placed under arrest for possession of a stolen weapon and read his Miranda rights.

Cure argues that the alleged traffic offense was a pretext to allow the officer to stop a car containing three black men driving in a high-crime area. He cites the fact that the driver of the car was not given a citation for driving without headlights and contends that the officer was not candid at the suppression

(1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; ...
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; ....

hearing because he first stated that he issued the citation for driving without lights, but then admitted that he needed to check his ticket book. At trial, it was established that the driver had not been cited for the headlight offense.

In reviewing a ruling on a motion to suppress evidence, this court must construe the facts in the light most favorable to the prevailing party. Moreover, appellant must show that the district court clearly erred in its findings of fact. *United States v. Campbell,* 920 F.2d 793, 794–95 (11th Cir. 1991) (citation omitted). The government points out that the district court made a factual finding that the officer stopped the automobile because it was driving without headlights and thus, the stop was not pretextual. The district court also found that the officer's testimony describing the stop was credible.[2] Cure did not demonstrate that the district court clearly erred. As such, we defer to the court's assessment of the witness's credibility and affirm the denial of Cure's motion to suppress the evidence obtained from the vehicle stop.

## II.

At trial, the prosecutor used four of his six preemptory challenges to strike black potential jurors. The defense asserted that these challenges violated the equal protection clause of the United States Constitution because they were racially motivated. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Without finding that the defense had established a prima facie case of discrimination, the district court asked the prosecutor to articulate his reasons for striking the potential jurors. The prosecutor responded that he struck two of them because they recently had served on a jury which rendered a decision adverse to the government. He questioned their ability to assess the evidence in the case. The court noted that the jurors had stated that they served on this previous jury and that the prosecutor had struck two non-black jurors for the same reason.

The prosecutor stated that the third person struck had impressed him as someone whose facial expressions and demeanor indicated that he would not follow the court's instructions and the juror's demeanor suggested that he was discounting this type of case. The district court did not comment on this strike. As to the last black venireperson struck, the prosecutor noted that she was not paying attention and was reading a book instead of following the proceedings. The court agreed with the prosecutor that the venireperson was reading and appeared uninterested in the case. The court further noted that two of the chosen jury members were black. Finally, the court ruled that all of the jury strikes would be allowed.

Appellate courts give great deference to a district court's finding that the government rebutted a prima facie case of discriminatory jury selection and reverse only if the district court's finding is clearly erroneous. *See United States v. Bennett,* 928 F.2d 1548, 1551 (11th Cir.1991); *United States v. David,* 844 F.2d 767, 769 (11th Cir.1988). Here, the district court did not state that a prima facie case had been established; however, it asked the prosecutor to articulate reasons for striking the venirepersons. Because it does not affect the outcome, we will assume that Cure had satisfied the requirements for a prima facie case and will review the court's decisions based on a clearly erroneous standard of review. The trial court made findings regarding three of the struck jurors which indicated race neutral reasons for striking them: two had sat on a previous jury which had rendered an adverse decision for the government and one was not paying attention. The court's findings are not clearly erroneous and we affirm its decision to allow these strikes.

Cure argues that the reason given for striking the third venireperson was insufficient to rebut the *Batson* claim because the prosecutor relied solely upon the juror's demeanor. The prosecutor relied upon both the juror's facial expressions and demeanor.

---

2. The district court stated that "the evidence is sufficient based on the officer's testimony, seemed believable to this court, on the testimony

he gave during this session that the car was driving without lights." R1–58.

Defense counsel made no offer of proof at the time of her objection to the preemptory challenge; she put forth no evidence suggesting that the juror was not making facial gestures and otherwise indicating that he discounted this type of case. The district court found that the prosecutor had a valid race-neutral reason for striking this person from the jury. In the absence of any proof offered by the defense, we hold that the court's findings were not clearly erroneous and affirm the decision to allow the strike.[3]

## III.

Finally, Cure argues that two of his prior criminal convictions were improperly considered by the district court to enhance his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The Act provides, in pertinent part, that

(e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g) of this title for a violent felony or a serious drug offense, or both ... such persons shall be fined not more than $25,000 and imprisoned not less than fifteen years....

(2)(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult....

Cure argues that his prior crimes do not fall within the language of the statute because he was under 17 at the time they were committed and thus, he should be considered a juvenile for purposes of the statute. It is undisputed that the two crimes did not involve the use or carrying of a firearm, knife or destructive device. Therefore, Cure claims that he was not eligible for the sentence enhancement.

The government contends that Cure was adjudicated as an adult for these two offenses so they do not constitute acts of juvenile delinquency. The government further asserts that the statute does not exclude crimes by minors from the definition of violent felony and that the two clauses are in the disjunctive, establishing that they are distinct. Under Florida law, a minor aged 14 or older may be tried as an adult if the circuit court finds that such treatment is appropriate.[4] Florida law also specifically states that "the child shall thereafter be handled in every respect as if he were an adult for any subsequent violation of Florida law...." Fla.Stat. § 39.022(5)(d).[5]

This is an issue of first impression in this circuit. Recently, however, the fourth circuit addressed the issue and held that a prior conviction could be used to satisfy the requirements of the Armed Career Criminal Act, even though the defendant was 17 years of age at the time of the conviction. *United States v. Lender*, 985 F.2d 151 (4th Cir.1993). We agree with the reasoning of this opinion

---

**3.** Moreover, this circuit recently upheld a district court's decision to allow a strike based on the juror's inattentiveness and her rolling and rubbing her eyes during voir dire. *See U.S. v. Hendrieth*, 922 F.2d 748 (11th Cir.1991). In the instant case, the prosecutor also relied upon facial expressions and demeanor which indicated that this juror would be adverse to the government.

**4.** According to Fla.Stat. § 39.022(5)(a), "[i]f the court finds, after a waiver hearing ... that a child who was 14 years of age or older at the time of the alleged violation was committed and who is alleged to have committed a violation of Florida law should be charged and tried as an adult, the court may enter an order transferring

the case and certifying the case for trial as if the child were an adult."

**5.** This statute was amended in 1990. The statute in effect at the time of Cure's sentencing for the prior crimes was Fla.Stat. § 39.02(5)(d). The language quoted above is exactly the same, however the new statute adds a clause excepting those who have been given juvenile sanctions under section 39.059(6) from future treatment as an adult. Even if we were to assume that the amendment applied retroactively, the record reveals no evidence indicating that Cure would be eligible for this exemption. Because defense counsel did not advance any arguments based on these state law definitions before the district court or this court, we decline to consider the issue further.

and adopt its holding as the law for this circuit.

In *Lender*, the court considered a section of the North Carolina code which mandated that persons over 16 years old be adjudicated as adults. The defendant argued that a uniform limit of 18 years of age be adopted for the purposes of the federal statute, the Armed Career Criminal Act. He contended that the court must define the term "juvenile" by reference to the Federal Juvenile Delinquency Act, which defines a juvenile as a person who is younger than 18 years of age. *Id.* at 155.

The *Lender* court primarily relied upon the language of the Armed Career Criminal Act to reject defendant's argument and to allow the enhancement. The Act defines a "violent felony" as either 1) "a crime punishable by imprisonment for a term exceeding one year" or 2) an "act of juvenile delinquency." *See* 18 U.S.C. § 924(e)(2)(B). The *Lender* court reasoned that if the defendant met the first part of the statute, then there is no need to consider whether he meets the second part because the two are in the disjunctive. 985 F.2d at 155.

The court then went on to consider whether the defendant met the first prong of the test by referring to the statutory language. *Id.* According to the express terms of the Act, what constitutes a "crime punishable by imprisonment" for over one year should be defined in relation to state law.[6] Thus, the determination of whether the crime meets the first prong of the test remains with the state. We agree with the *Lender* court's reading of the statute and its subsequent conclusion that, "if the state prosecutes an individual as an adult, as it did here, the first part of the 'violent felony' definition applies;

if the state prosecutes as a juvenile, then the second part applies." *Id.* at 156.

Both the defendant in *Lender* and the defendant in the instant case argue that courts should apply the same definition of an "act of juvenile delinquency" throughout the country. Here, Cure argues that juvenile delinquent has the common meaning of a minor who commits a crime.[7] The defendant in *Lender* similarly argued that courts should apply a uniform definition, citing the categorical age limit in the Federal Juvenile Delinquency Act. The *Lender* court noted that Congress could have set an age limit, but it chose not to do so. *Id.* The Federal Juvenile Delinquency Act is evidence that Congress made an express decision because it had that Act's provisions as a reference.[8] We adopt the *Lender* court's reasoning and hold that alternate federal definitions for the term "juvenile" are irrelevant when Congress has specified that the court should look to state law for the meaning of the phrase at issue. *See Id.* (citing *United States v. Clark*, 956 F.2d 1176, 1177 (D.C.Cir.1992)).

Moreover, the *Lender* court recognized that the Supreme Court has indicated a preference for uniform definitions in the criminal context and has discouraged the lower courts from using diverse state definitions absent Congressional intent to the contrary. *See* 985 F.2d at 157, citing *Taylor v. United States*, 495 U.S. 575, 591, 110 S.Ct. 2143, 2154, 109 L.Ed.2d 607 (1990); *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 119–20, 103 S.Ct. 986, 995–96, 74 L.E.2d 845 (1983); *United States v. Turley*, 352 U.S. 407, 411, 77 S.Ct. 397, 399, 1 L.Ed.2d 430 (1957). The Fourth Circuit distinguished this precedent because the cases involved statutory provisions which did not reference

---

**6.** The statute expressly states that "[w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20).

**7.** Cure cites *Black's Law Dictionary* in support of his contention. It should be noted that the dictionary does not state a specific age for delinquency and references state law. Delinquent child is defined as "an infant of not more than specified age who has violated criminal laws.... Defined by a state statute as: A child who A)

violates any federal or state law, or municipal or local ordinance; or B) without just cause runs away from his parental home...." *Black's Law Dictionary* 428 (6th ed. 1990).

**8.** Congress previously has defined juveniles uniformly as children under the age of eighteen for the purpose of the Federal Juvenile Delinquency Act. The definition in that Act, however, is limited by its terms to only apply to that particular statute. *See* 985 F.2d at 156 (citing 18 U.S.C. § 5031).

state law.[9] In contrast, Congress specified in the Armed Career Criminal Act that the phrase "a crime punishable by imprisonment for a term exceeding one year" be defined in accordance with state law. The *Lender* court concluded that "the ultimate choice ... of whether to enact a uniform or an incorporative approach remains one for Congress. In this case, Congress has chosen the latter approach." 985 F.2d at 157. We are persuaded by this reasoning and agree that the Supreme Court's general preference for uniformity is not controlling here because Congress expressly indicated an intent to rely on diverse state laws. Therefore, we turn to the state law applicable to Cure's case to determine whether his prior crimes meet the Act's definition of a crime punishable by imprisonment for a term exceeding one year.

. Florida law provides that any person over 14 can be tried as an adult and that a conviction shall be treated as an adult conviction for future purposes under Florida law. Cure was tried as an adult and convicted of both of the prior crimes at issue. He was then sentenced for terms exceeding one year. It is unclear why Cure was adjudicated as an adult, but Florida law allows such prosecution in limited circumstances. Moreover, we find no reason to distinguish between North Carolina's categorical age limits on juvenile delinquency at issue in *Lender* and Florida's discretionary provisions granting the court the power to decide whether to try a person as an adult. In both cases, the laws of the jurisdiction mandate that the convictions be treated as adult crimes with terms of imprisonment exceeding one year.[10] We accordingly affirm the district court's decision to enhance Cure's sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924.

## IV.

For the reasons given above, we AFFIRM the district court's rulings denying the mo-

tion to suppress, allowing the jury strikes and enhancing Cure's sentence.

9. In *Turley*, the Supreme Court specifically noted that "*in the absence of a plain indication* of an intent to incorporate diverse state laws into the federal criminal statute, the meaning of the federal statute should not be dependent on state law." 352 U.S. at 411, 77 S.Ct. at 399 (emphasis added).

10. *See Lender*, 985 F.2d at 157 (drawing no distinction between state schemes which impose categorical age limits and those which grant state authorities prosecutorial discretion).