773 So.2d 574 (2000)
William Eugene LOVETT, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 3D00-352, 3D99-2900.
District Court of Appeal of Florida, Third District.
November 15, 2000.
*575 William Eugene Lovett, in proper person.
Robert A. Butterworth, Attorney General, and Kristine Keaton, Assistant Attorney General, for appellee.
Before COPE, SHEVIN and SORONDO, JJ.
COPE, Judge.
In these consolidated cases William Lovett appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.[1] We affirm in part and reverse in part.[2]
Under the applicable standard of review, "Unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing." Fla. R.App. P. 9.140(i).
The record does not conclusively refute the defendant's claim that trial counsel was ineffective for failing to offer a voluntary intoxication defense. See Patton v. State, 25 Fla. L. Weekly S749, S750, ___ So.2d ___, ___, 2000 WL 1424526 (Fla. Sept. 28, 2000). At sentencing in the underlying case, defendant testified that he had a long-standing drug and alcohol problem and had been so intoxicated at the time of the offense that he had no recollection of it. The victim was someone that defendant knew, who could be expected to (and did) identify the defendant as the perpetrator at trial. During the sentencing proceeding, trial counsel informed the court that a voluntary intoxication defense had been considered, but rejected. The reason for that rejection does not appear of record. We conclude that the present record does not conclusively refute the defendant's claim, and remand for an evidentiary hearing. We express no view on the ultimate merits.[3]
Defendant was adjudicated a habitual violent felony offender ("HVFO"). He contends that he does not qualify for habitualization. *576 The State concedes that the defendant is correct on one of the two offenses at conviction.
The State charged the defendant with burglary with an assault or battery in violation of section 810.02(2)(a), Florida Statutes (1993), and that in committing the offense he carried or used a weapon, namely, a tire iron, in violation of section 775.087, Florida Statutes (1993). This offense was classified on the judgment as a first degree felony. Defendant was adjudicated as an HVFO on this count.
Because the State charged only an assault and battery under the burglary statute, and charged the use of the weapon under section 775.087, enhancement of the conviction was permitted. See Grant v. State, 677 So.2d 45, 46 (Fla. 3d DCA 1996); see also Lareau v. State, 573 So.2d 813, 814-15 (Fla.1991). This means that the burglary, which is a first degree felony punishable by life imprisonment, see § 810.02(2)(a), Fla. Stat. (1993), was enhanced to a life felony because of section 775.087. See Grant, 677 So.2d at 46. Under this version of the habitual offender statute, habitualization was not allowed for a life felony. See id.; Lamont v. State, 610 So.2d 435, 438 (Fla.1992); Omound v. State, 743 So.2d 616 (Fla. 3d DCA 1999).[4] We therefore reverse the HVFO adjudication on the burglary count, and defendant must be resentenced. Since the court mistakenly believed that habitualization was permissible on this count, the court may in its discretion consider a departure sentence at resentencing. See State v. Betancourt, 552 So.2d 1107, 1108 (Fla.1989). The judgment should be corrected to show that the burglary count, as enhanced, is a life felony.
Defendant also contends that his HVFO sentence on the remaining count, for armed robbery, suffers from the same infirmity. We disagree.
The verdict form reflects that the defendant was convicted of robbery with a weapon. This was based on his use of the tire iron mentioned previously. Robbery with a weapon is a first degree felony. See § 812.13(2)(b), Fla. Stat. (1993). The judgment correctly so classifies this offense. However, there is a clerical error in the judgment, because the offense at conviction reads "812.13(2)(a)(b)." The judgment should be amended by striking the reference to paragraph (a). Since the robbery offense was correctly classified as a first degree felony, habitualization as an HVFO was permissible. Defendant's other claims that he does not qualify as an HVFO are without merit.
We do, however, direct that there be a resentencing proceeding on the armed robbery count. That is so because the court's remarks at sentencing suggest that the trial court operated under the mistaken belief that if the court decided that imposition of an HVFO sentence was necessary for the protection of the public, the court was required to impose a life sentence with a mandatory minimum sentence of fifteen years. See TR. April 23, 1996, at 374. In reality, when imposing an HVFO sentence the trial has discretion as to the length of sentence. See State v. Hudson, 698 So.2d 831, 833 (Fla.1997); Burdick v. State, 594 So.2d 267, 271 (Fla.1992); Henry v. State, 581 So.2d 928, 929-30 (Fla. 3d DCA 1991). We express no view on what the sentence should be, and the trial court is free to reimpose the same HVFO sentence, or any other appropriate HVFO sentence.
Defendant's remaining claims are without merit.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[1] The motion was filed within two years after affirmance of the conviction on appeal, and is therefore timely.
[2] In case number 3D99-2900, defendant-appellant Lovett petitioned for a belated appeal of the order denying postconviction relief. The State concedes that the appeal was timely filed, and we therefore deny the petition for belated appeal as moot.
[3] Although not applicable to this case, the defense of voluntary intoxication has been abolished effective October 1, 1999. See § 775.051, Fla. Stat. (1999); ch. 99-174, § 2, Laws of Fla.
[4] The crime date was April 21, 1994.