784 So.2d 1222 (2001)
Tyrone WEFORD, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-2494.
District Court of Appeal of Florida, Third District.
April 18, 2001.
*1223 Tyrone Weford, in proper person.
Robert A. Butterworth, Attorney General, and Kristine Keaton, Assistant Attorney General, for appellee.
Before LEVY, FLETCHER and SORONDO, JJ.
PER CURIAM.
Tyrone Weford (defendant) appeals from the denial of his rule 3.800(a) motion to correct illegal sentence. Defendant was convicted of one count of robbery with a firearm and one count of burglary with an assault, with a firearm, and sentenced to concurrent fifteen year terms as a habitual violent felony offender (HVFO). He contends that his sentence is illegal because he was improperly classified as a HVFO, based upon three distinct claims: 1) burglary with an assault with a firearm, a life felony, was not subject to habitualization prior to the 1995 amendment to section 775.084, Florida Statutes (1993); 2) prior juvenile adjudications of delinquency cannot be used as predicate offenses; and 3) prior sentences that were all imposed on the same date do not satisfy the sequential conviction requirement of section 775.084(5).
We reverse the denial of rule 3.800 relief as to the HVFO sentence imposed upon defendant for count two of the information, which charged a life felony. The judgment in the record incorrectly reflects that defendant was found guilty of a first degree felony. Under section 810.02(2), Florida Statutes (1993), burglary is a first degree felony punishable by life imprisonment if, in the course of committing the offense, the offender either "(a) [m]akes an assault or battery upon any person," or "(b) [i]s armed, or arms himself within such structure or conveyance, with explosives or a dangerous weapon." However, where the jury makes specific findings that a defendant is guilty of burglary with an assault or battery, as well as with a firearm, the offense is enhanced to a life felony under section 775.087(1)(a), Florida Statutes (1993). See Lamont v. State, 610 So.2d 435 (Fla.1992); Lovett v. State, 773 So.2d 574 (Fla. 3d DCA 2000). Under the 1993 version of the habitual offender statute, habitualization was not allowed for a life felony. Id. Accordingly, this cause is remanded for correction of the judgment and re-sentencing as to count two. See id.; Austin v. State, 756 So.2d 1080, 1081 (Fla. 4th DCA 2000); Beaudoin v. State, 658 So.2d 663 (Fla. 3d DCA 1995).
The balance of the order denying defendant's rule 3.800(a) motion is affirmed on several grounds. In Bover v. State, 732 So.2d 1187 (Fla. 3d DCA), review granted, 743 So.2d 508 (Fla.1999), this court held that rule 3.800(a) cannot be used as a vehicle to attack an HVFO adjudication and that such a claim must be brought under rule 3.850. Defendant's second and third claims would be both time-barred and successive pursuant to rule 3.850.
Even if we were to reach the merits of defendant's remaining claims, he is not entitled to relief. It was undisputed in the record that defendant qualified as a HVFO, as he had previously been convicted of robbery with a firearm within five years of the date of the instant offenses and he had not received a pardon or had his prior conviction set aside. Moreover, *1224 the record reflects that defendant's prior convictions were not adjudications of delinquency, but rather that he had been sentenced as a youthful offender. Prior sentencing as a youthful offender does not preclude consideration of defendant's crimes as predicate offenses. See Whit-field v. Singletary, 730 So.2d 314, 315 (Fla. 3d DCA 1999). Additionally, while the sentences for the prior predicate offenses introduced into evidence by the state were all imposed on November 11, 1991, the sequential conviction requirement of section 775.084(5) is inapplicable to our analysis. Only one predicate offense was necessary for the trial court to adjudicate defendant as a habitual violent felony offender. See § 775.084(1)(b).
Accordingly, we affirm the order in part, reverse in part and remand with directions to correct the judgment and resentence defendant on count two only.