PER CURIAM.
Eugene Delevaux appeals the sentence imposed upon remand. We affirm.
Delevaux was sentenced on May 8, 1996, as a habitual violent felony offender. This Court vacated Delevaux’s sentence and remanded the case for re-sentencing because the predicate offense which the trial court relied upon was insufficient to support ha-bitualization. See Delevaux v. State, 762 So.2d 1062 (Fla. 3d DCA 2000). On remand, the trial court agreed that Dele-vaux’s strong-arm robbery offense was insufficient to support habitualization and imposed an upward departure sentence based on valid departure reasons. Dele-vaux has not challenged those reasons.
When this Court remanded the cause for re-sentencing, we noted that: “[t]he trial court may consider re-sentencing defendant as a habitual offender if defendant’s prior record would properly support habit-ualization. Otherwise, defendant must be re-sentenced under the guidelines.” Id. Delevaux now alleges that the trial court failed to comply with this Court’s mandate by departing from the guidelines.
We find that the upward departure sentence imposed upon remand does not conflict with this Court’s mandate and is consistent with case law. Indeed, this Court has recognized that a trial court “may in its discretion consider a departure sentence at resentencing” where it had mistakenly believed that habitualization was permissible. Lovett v. State, 773 So.2d 574, 576 (Fla. 3d DCA 2000).
Delevaux also argues that the trial court was vindictive because it imposed a harsher sentence on remand. We disagree.
No judicial vindictiveness occurred in this case because the sentences imposed *768 on remand do not exceed Delevaux’s original sentence. See North Carolina v. Pearce, 395 U.S. 711, 726, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)(holding that a judge who imposes a more severe sentence after the original sentence is successfully attacked must affirmatively state objective reasons for the harsher sentence to ensure that vindictiveness against the defendant plays no part in the sentence he receives after a new trial).
The court initially sentenced Delevaux as a habitual violent offender to forty years imprisonment with a fifteen year minimum mandatory sentence on Count 1 and thirty years with a ten year minimum mandatory sentence on Counts 2 and 3, to be served concurrently. On remand, the trial court sentenced Delevaux to forty years on Count 1 and fifteen year sentences on Counts 2 and 3, to run concurrently with Count 1, but consecutive to each other. In short, Delevaux’s sentence on remand is essentially the same as that originally imposed, forty years on Count 1 and thirty years for Counts 2 and 3.
Affirmed.