PER CURIAM.
William Brunner appeals a trial court order summarily denying his motion to correct illegal sentence. We affirm in *904 part, and reverse and remand only as to his claim that his habitual felony offender sentence for burglary of a conveyance with an assault or battery while armed with a firearm was illegal. His offense occurred in 1993, at a time when that crime was a life felony and was not subject to habitual felony offender sentencing. See Weford v. State, 784 So.2d 1222 (Fla. 3d DCA) rev. dismissed, 791 So.2d 1103 (Fla.2001); Section 810.02(2), 775.087(1)(a), Fla. Stat. (1993). As the State has pointed out in its response, which has conceded this point, the judgment of conviction on the burglary erroneously reflects that the offense was a first degree felony punishable by life in prison rather than a life felony. This scrivener’s error requires correction on remand, along with resentencing to remove habitual felony offender enhancement on the burglary conviction.

Affirmed In Part; Reversed And Remanded In Part.

GUNTHER, SHAHOOD and TAYLOR, JJ., concur.