[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 13, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13377
Non-Argument Calendar

_____

D. C. Docket No. 03-00067-CR-F-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFRED ALLEN LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(February 13, 2008)**

Before DUBINA, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Alfred Allen Lee ("Lee") appeals his conviction and 180-month

sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). For the reasons set forth below, we affirm Lee's conviction, vacate his sentence, and remand for resentencing.

## I. BACKGROUND

A federal grand jury indicted Lee on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Lee entered into a written plea agreement with the Government, in which Lee agreed to plead guilty to being a felon in possession of a firearm, and the Government agreed that a 46-month sentence was the appropriate disposition of the case. The plea agreement mentioned the ten-year maximum penalty for violations of 18 U.S.C. § 922(g)(1), but did not mention the maximum or minimum penalty under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e).

Lee appeared before a magistrate judge and indicated that his decision to enter the guilty plea was knowing and voluntary and that he was satisfied with his counsel. He also affirmed that he understood that the court was not bound by the plea agreement and that the court could impose a higher or lower sentence. The magistrate judge informed Lee that he would be entitled to withdraw his guilty plea if the court did not follow the recommendation in the plea agreement, but failed to mention any mandatory minimum or potential maximum sentence that Lee might

2

face. The magistrate judge recommended that Lee's plea be accepted and that he be adjudged guilty. The district court accepted Lee's guilty plea and adjudged him guilty.

The probation officer then prepared a Presentence Investigation Report ("PSI"), in which he calculated a total offense level of 30 and a criminal history category of IV. The criminal history category included a finding that Lee qualified as an armed career criminal based on two convictions for robbery in the early 1980s and a"Youthful Offender (Robbery)" conviction for an offense that occurred in 1976. According to the PSI, the 1976 offense occurred when Lee was 19 years old and involved Lee pushing against another man, grabbing his wallet, and running; no weapon was involved. The applicable Guidelines range was 135 to 168 months imprisonment; however, because the statutory minimum sentence was 180 months, that became the Guidelines range.

At the sentencing hearing, the district court began by noting that Lee's plea agreement "ha[d] previously been rejected by this Court," and that the focus of the hearing was to determine "whether or not we're going to go through with the sentencing of Mr. Lee or if Mr. Lee wishes to withdraw his guilty plea." Lee's counsel indicated that Lee wished to persist with his guilty plea, and Lee told the district court to "go ahead with the sentencing." At sentencing, Lee objected to the

PSI's finding that he qualified as an armed career criminal. Specifically, Lee argued that the 1977 adjudication was for an offense committed when he was only 18 years old, and that he was adjudicated as a youthful offender, which should not be considered a predicate offense under the ACCA. The district court agreed that Lee was only 18 years old at the time of the 1976 offense, but determined that the youthful offender adjudication still counted towards Lee's armed career criminal status. Accordingly, the district court imposed the minimum Guidelines sentence of 180 months imprisonment and 5 years supervised release.[1]

Lee presents three issues for appellate review: (1) whether the district court erred by not informing him of the sentencing consequences of his guilty plea; (2) whether the district court erred by not providing him with the reasons that it rejected his plea agreement; and (3) whether the district court erred by failing to require the Government to prove certain contested facts in the PSI by a preponderance of the evidence.

## II. STANDARDS OF REVIEW

We review a district court's factual findings for clear error and its application of law to the facts *de novo*. *United States v. Clay*, 483 F.3d 739, 743

---

[1]Had the district court not considered Lee's youthful adjudication, it appears that the ACCA would not apply and the maximum sentence for Lee's conviction would be ten years imprisonment.

(11th Cir. 2007). When a defendant challenges a finding of fact in a PSI, the Government must establish that fact by a preponderance of the evidence. *United States v. Lawrence*, 47 F.3d 1559, 1566 (11th Cir. 1995). A district court's determination of a fact that supports an enhancement under the Guidelines is a question of fact subject to the clearly erroneous standard. *United States v. Ndiaye*, 434 F.3d 1270, 1280 (11th Cir.), *cert. denied*, 127 S. Ct. 128 (2006). A district court's determination that a conviction is a violent felony for purposes of the ACCA is a question of law. *See United States v. James*, 430 F.3d 1150, 1153 (11th Cir. 2005) (stating that this Court reviews *de novo* whether a conviction is a violent felony within the meaning of § 924(e)).

We review alleged violations of Federal Rule of Criminal Procedure 11 ("Rule 11") that are not raised at the district court for plain error and can only make corrections if there is: (1) an error, (2) that is plain, and (3) that affects the defendant's substantial rights. *United States v. Evans*, 478 F.3d 1332, 1338 (11th Cir.), *cert. denied*, 128 S. Ct. 257 (2007). If these criteria are met, we have the discretion to correct the error and "should" do so if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779 (1993) (quotation and alteration omitted).

## III. DISCUSSION

For the first time on appeal, Lee argues that the district court erred by not informing him of the sentencing consequences of his guilty plea—specifically, the possible maximum or mandatory minimum penalty that would apply if he was determined to be an armed career criminal under the ACCA. Under Rule 11, before a court can accept a guilty plea, the court must inform a defendant of certain matters, including "any maximum possible penalty, including imprisonment, fine, and term of supervised release" and "any mandatory minimum penalty." FED. R. CRIM. P. 11(b)(1)(H) & (I). However, "[a] variance from the requirements of [Rule 11] is harmless error if it does not affect substantial rights." FED. R. CRIM. P. 11(h).

According to our precedent,

> In evaluating whether a defendant has shown that his rights were substantially affected or prejudiced, this Court has examined the three "core objectives" of Rule 11, which are: (1) ensuring that the guilty plea is free of coercion; (2) ensuring that the defendant understands the nature of the charges against him; and (3) ensuring that the defendant is aware of the direct consequences of the guilty plea. This Court has upheld plea colloquies that fail to address an item expressly required by Rule 11 so long as the overall plea colloquy adequately addresses these three core concerns.

*United States v. Monroe*, 353 F.3d 1346, 1354 (11th Cir. 2003) (internal citation omitted). "[A] defendant who seeks reversal of his conviction after a guilty plea,

6

on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004). A defendant must demonstrate that "the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *Id.* (quotations omitted).

Though the magistrate judge failed to inform Lee of the mandatory minimum sentence under the ACCA, we conclude that Lee cannot meet his burden of demonstrating a reasonable probability that, but for the omissions, he would not have pled guilty. Nothing in the record shows desire on Lee's part not to plead guilty, and, at sentencing, his counsel stated that withdrawing his plea would "serve no purpose." Furthermore, the probation officer referenced and applied the ACCA in the PSI, thus indicating that Lee was aware, before he was sentenced and while he still had the opportunity to withdraw his plea, that the ACCA and its minimum sentence might apply to him. Lee himself repeatedly indicated his desire to maintain his plea of guilty and proceed with sentencing, despite his awareness that the ACCA might apply. Consequently, we conclude that Lee's substantial rights were not violated because he knew the direct consequences of his decision not to withdraw his plea and any error in failing to inform Lee of the minimum

sentence of the ACCA was harmless.

Lee also argues for the first time on appeal that the district court erred by not providing him with the reasons that it rejected his plea agreement. We disagree. Controlling precedent within this circuit establishes that a district court is not required to state the reasons it rejects a plea agreement. *See United States v. Bean*, 564 F.2d 700, 702 n.3 (5th Cir. 1977)[2] (finding that "the absence of any requirement [in Rule 11] that the court state its reasons for refusing a plea bargain indicates that no statement of reasons is necessary"). "[O]nly an en banc court or the Supreme Court can overrule circuit precedent." *Garay v. Carnival Cruise Line, Inc.*, 904 F.2d 1527, 1534 n.10 (11th Cir. 1990). Consequently, we conclude that the district court did not have to provide Lee with the reasons that it rejected his plea agreement.

Finally, Lee argues that the district court erred by failing to require the Government to prove the following contested facts in the PSI by a preponderance of the evidence: (1) that Lee was 19 years old at the time of his first predicate offense, when he actually was only 18; (2) that the youthful offender proceeding for that offense was a criminal prosecution, when it was actually a juvenile or

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

administrative proceeding; and (3) that the youthful offender adjudication for that offense was classified as a robbery, when it was actually a theft. As to the first contested fact, we conclude that the district court committed no error because it found that Lee was 18 years old at the time of the offense leading to his 1977 youthful adjudication, as urged by Lee. As to the other contested facts, both of these assignments of error ultimately go to the question of whether Lee's 1977 youthful adjudication qualifies as a prior conviction under the meaning of the ACCA.

The ACCA provides that a defendant who violates 18 U.S.C. § 922(g) and has three previous convictions for violent felonies or serious drug offenses shall be imprisoned for a minimum of 15 years. 18 U.S.C. § 924(e)(1). As we explained in *United States v. Cure*, 996 F.2d 1136, 1140 (11th Cir. 1993), the ACCA defines a "violent felony" in two different parts: "either 1) 'a crime punishable by imprisonment for a term exceeding one year' or 2) an 'act of juvenile delinquency.'" In determining which part of the definition to apply, we stated that "if the state prosecutes an individual as an adult, . . . the first part of the 'violent felony' definition applies; if the state prosecutes as a juvenile, then the second part applies." *Id.* (quotations omitted).

In this case, Lee was not prosecuted as an adult, but under Alabama's

youthful offender statute. Thus we look to the second part of the violent felony definition, which includes only those acts of juvenile delinquency "involving the use or carrying of a firearm, knife, or destructive device." 18 U.S.C. § 924(e)(2)(B). The PSI makes it clear that "no weapon was involved" in the 1976 offense, thus the second part of the violent felony definition does not apply. Because Lee's 1977 youthful offender adjudication does not fall under either part of the ACCA's violent felony definition, it cannot be considered a predicate offense under the ACCA. Accordingly, we vacate Lee's sentence and remand this case to the district court for resentencing with directions that Lee's 1977 youthful offender adjudication should not be considered in determining whether Lee is an armed career criminal under the ACCA.

## IV. CONCLUSION

For the foregoing reasons, we affirm Lee's conviction, vacate his sentence, and remand this case to the district court for resentencing consistent with this opinion.

**AFFIRMED in part; VACATED in part; and REMANDED in part**.