983 So.2d 753 (2008)
Michael RENDER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-2261.
District Court of Appeal of Florida, Third District.
June 11, 2008.
John H. Lipinski, for appellant.
Bill McCollum, Attorney General, for appellee.
Before SUAREZ, ROTHENBERG, and LAGOA, JJ.
ROTHENBERG, J.
In 1992, the jury found Michael Render ("Render") guilty of attempted first degree murder with a firearm (Count I); robbery *754 with a firearm (Count II); burglary of a dwelling with a firearm (Count III); and burglary of a conveyance with a firearm (Count IV). Render appeals the trial court's order denying his motion to correct the sentences imposed in Counts III and IV (the burglary counts), which Render claims are illegal. We affirm.
Initially, Render was sentenced to four concurrent life sentences as a habitual offender, which this Court affirmed on direct appeal in 1993. In the intervening years, Render filed a number of postconviction relief motions. Of relevance to the instant appeal, is a motion to correct illegal sentence filed by Render on February 20, 2007, pursuant to Florida Rule of Criminal Procedure 3.800(a), wherein Render claimed that under the sentencing scheme in effect at the time (he was charged on August 24, 1990, and convicted on January 10, 1992), he could not be sentenced as a habitual offender for the commission of a life felony. He argued that the habitual offender sentences were illegal because each of the crimes for which he was convicted were life felonies due to the reclassification of each crime for his use or possession of a firearm during their commission.
In response to Render's motion, the State, in reliance upon Lamont v. State, 610 So.2d 435 (Fla.1992), correctly confessed error regarding the habitual sentence imposed in Count I for attempted first degree murder with a firearm, a life felony due to the reclassification of the offense based upon the use of a firearm during its commission. The trial court accordingly issued an order on June 19, 2007, granting Render's motion as to Count I and denying his motion as to Counts II, III, and IV. On July 3, 2007, the sentence as to Count I was vacated and on July 31, 2007, Render was resentenced on Count I.
In the instant appeal, Render claims that the trial court erred in denying his motion to correct the habitual offender sentences imposed for the two burglary with a firearm convictions in Counts III and IV. Render's argument, however, is based upon the false premise that he was convicted in each of these counts to first degree felonies which were enhanced to life felonies based upon the use of a firearm, pursuant to section 775.087, Florida Statutes (Supp.1990). In reaching this conclusion, Render claims that he was convicted of armed burglaries with an assault. If Render had been convicted of burglaries with an assault while armed with a firearm, Render would be correct that these offenses would be first degree felonies punishable by life, which when enhanced for habitualization purposes by section 775.087, would be illegal under Lamont because the habitualization enhancement would have elevated the offenses to life felonies. Render, however, was not convicted of burglaries with an assault while armed with a firearm, as appellate counsel claims. The verdict forms unequivocally reflect that Render was convicted of burglaries with a firearm without the additional finding that during the course of committing these burglaries Render committed an assault or battery upon any individual.
Render was convicted in Counts III and IV of burglaries which were reclassified to first degree felonies based upon the use or possession of a firearm during the commission of the crimes. Reclassification of these offenses for sentencing enhancement as a habitual offender pursuant to section 775.084, was, therefore, proper.
The cases relied upon by Render, Weford v. State, 784 So.2d 1222 (Fla. 3d DCA 2001), Lovett v. State, 773 So.2d 574 (Fla. 3d DCA 2000), and Parnell v. State, 627 So.2d 1246 (Fla. 3d DCA 1993), are all inapplicable because in each of these cases, the defendants were convicted of burglary *755 with an assault while armed with a firearm. As previously noted, Render was convicted only of burglary while armed with a firearm, not burglary with an assault while armed with a firearm.
We, therefore, affirm the trial court's denial of Render's motion to correct an illegal sentence as to Counts III and IV, as habitual sentences were legally imposed for those offenses.
Affirmed.