[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10385
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20631-PAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER C. LOUISSAINT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 4, 2011)

Before TJOFLAT, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Walter Louissaint appeals his conviction and 180-month sentence for

possessing a firearm and ammunition while a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Louissaint raises three arguments on appeal, which we address in turn below. After a thorough review of the record and parties' briefs, we affirm.

I.

First, Louissaint argues that the district court abused its discretion by refusing to grant a mistrial after the government played for the jury a recorded conversation between Louissaint and an undercover police officer. The recording, which consisted of hidden camera footage of Louissaint trying to sell a pistol to the undercover officer, contained statements by Louissaint describing other weapons that were purportedly "on the market now." Louissaint argues that these statements unfairly prejudiced the jury and ultimately "result[ed] in . . . a verdict based on emotions instead of . . . the evidence, or lack thereof." We cannot agree.

We review for abuse of discretion the denial of a motion for a mistrial. United States v. Ramirez, 426 F.3d 1344, 1353 (11th Cir. 2005). A district court judge has discretion to grant a mistrial because the judge occupies the "best position to evaluate the prejudicial effect of a statement or evidence on the jury." United States v. Delgado, 321 F.3d 1338, 1346–47 (11th Cir. 2003) (quotation marks omitted). Moreover, if properly admitted evidence sufficiently establishes

2

the defendant's guilt, the defendant's rights are not substantially affected by the district court's evidentiary error.  Ramirez, 426 F.3d at 1353.

The district court properly admitted the recording into evidence.  To be sure, evidence of unrelated wrongdoing is normally not admissible in a criminal trial.  See Fed. R. Evid. 404(b) (prohibiting introduction of evidence of another crime or act to prove a person's character in order to show action in conformity therewith).  Such evidence is admissible, however, for certain other purposes, including to prove motive, intent, or absence of mistake or accident, provided that, upon request, the government gives reasonable notice of the general nature of the evidence to be introduced at trial.  Id.  Construing this exception, we have explained that "[e]vidence, not part of the crime charged but pertaining to . . . events explaining the context, motive and set-up of the crime, is properly admitted if it forms an integral and natural part of an account of the crime, or is necessary to complete the [crime's] story . . . for the jury."  United States v. Church, 955 F.2d 688, 700 (11th Cir. 1992) (quotation marks and alterations omitted).

Under this standard, Louissaint's statements were properly admissible to show his knowledge of firearms and to show that he intentionally possessed the firearm for which he was indicted.  See, e.g., United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004); United States v. Brown, 961 F.2d 1039, 1042 (2d

3

Cir. 1992). Louissaint has thus not demonstrated that the admission of the video caused him prejudice, and as a result the district court did not abuse its discretion refusing to order a mistrial.

II.

Second, Louissaint argues that the district court erroneously determined that Louissaint was subject to the 180-month mandatory-minimum sentence required by the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Specifically, Louissaint argues that the ACCA is inapplicable because (1) he has only two convictions, not three as required by the ACCA; (2) his convictions, resulting from three armed robberies when he was 16 years old, were not qualifying "violent felonies"; and (3) his convictions should count as a single criminal episode instead of three distinct convictions.

We review *de novo* whether an adjudication qualifies for the purpose of applying the ACCA to enhance a defendant's sentence. United States v. Day, 465 F.3d 1262, 1264 (11th Cir. 2006). Under the ACCA, as codified at 18 U.S.C. § 924(e), an individual convicted under Section 922(g) is subject to a mandatory minimum 15-year sentence if he has three prior federal or state convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Section 924(e), defines a "violent

4

felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that–
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

"What constitutes a . . . crime [punishable by imprisonment for longer than one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). In applying this rule, we have held that a guilty plea in Florida state court followed by a withholding of adjudication and the imposition of probation constitutes a "conviction" under the ACCA. United States v. Santiago, 601 F.3d 1241 (11th Cir. 2010).

We have also held that the ACCA includes as a "conviction" a crime committed by a juvenile who was tried as an adult if the crime otherwise meets the definition of a "violent felony" (which includes "any crime punishable by imprisonment for a term exceeding one year"). See United States v. Spears, 443 F.3d 1358, 1361 (11th Cir. 2006); United States v. Wilks, 464 F.3d 1240, 1242–43

5

(11th Cir. 2006). Florida law determines whether Louissaint's convictions qualify as "violent felonies" under the ACCA. See 18 U.S.C. § 921(a)(20). In Florida, "any person over 14 can be tried as an adult and that . . . conviction shall be treated as an adult conviction for future purposes under Florida law." United States v. Cure, 996 F.2d 1136, 1141 (11th Cir. 1993).

Finally, the ACCA requires a 15-year minimum sentence only if the three predicate convictions result from crimes "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Although the predicate offenses must be distinct, even a small difference in time or place distinguishes convictions for purposes of the ACCA. See United States v. Sneed, 600 F.3d 1326, 1330 (11th Cir. 2010). As stated in United States v. Pope, 132 F.3d 684 (11th Cir. 1998):

> the "successful" completion of one crime plus a subsequent conscious decision to commit another crime makes that second crime distinct from the first for the purposes of the ACCA. Accordingly, we hold that so long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA. A showing that the crimes reflect distinct aggressions, especially if the defendant committed the crimes in different places, is particularly probative of the sequential nature of those crimes.

Id. at 692.

The district court properly found Louissaint subject to the 15-year minimum sentence required by the ACCA. First, although he was only 16 years old when he

committed the crimes, Louissaint sustained three separate convictions for three violent felonies committed on three different days. Louissaint avers that these convictions should not serve as predicate offenses under the ACCA because he received them as a juvenile, but it is clear that Florida law treats juvenile convictions as predicate offenses for career offender purposes under Florida's violent offender statute. See, e.g., Weford v. State, 784 So. 2d 1222, 1223–24 (Fla. 3d DCA 2001); Whitfield v. Singletary, 730 So. 2d 314, 315 (Fla. 3d DCA 1999); see also Cure, 996 F.3d at 1141. As such, these convictions qualify as predicate convictions under ACCA.

Second, the district court correctly concluded that Louissaint's convictions qualified as "violent" for ACCA purposes. Louissaint contends that he was not convicted of "violent" offenses because he received a sentence lasting for less than one year. This argument fails, however, because it is the potential length of a sentence rather than the actual sentence imposed that informs its future effect for career offender purposes. United States v. Spears, 443 F.3d at 1360–61 ("conviction counts towards ACCA enhancement because it was punishable by imprisonment for a term exceeding one year"). Louissaint's suggestion that he should not be subjected to ACCA enhancement because he did not receive the full sentence to which he was exposed thus misses the mark.

Third, Louissaint was convicted for three separate predicate offenses. Louissaint suggests that his predicate offenses were actually part of a "common scheme," but this argument is foreclosed by our holdings in Pope, 132 F.3d at 688–89, and Sneed, 600 F.3d at 1330 (noting that small difference in time negates argument that unrelated offenses against different victims were part of common scheme or plan). Accordingly, Louissaint properly received the 15-year minimum mandatory sentence.

## III.

Lastly, Louissaint argues that his 180-month sentence—the minimum sentence allowed under the ACCA—is unreasonable.

We review a final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244–45 (11th Cir. 2005). Reasonableness review is akin to the deferential abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 591 (2007). Under the abuse-of-discretion standard, we reverse only if the district court's ruling constitutes a clear error of judgment. United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004). "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

8

A sentence may be either procedurally or substantively unreasonable. See United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). "A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008), cert. denied, 129 S.Ct. 2848 (2009).

"The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." Id. at 1324. The sentencing court must impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing set forth in § 3553(a)(2), namely, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future criminal conduct by the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available,

9

the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparity, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Talley, 431 F.3d at 788.

Under this standard, Louissaint fails to demonstrate that his sentence is unreasonable. Louissaint identifies no procedural error by the district court in imposing the 180-month sentence. And although the district court commented that it would prefer to impose a lesser sentence, "no relevant authority permits a district court to impose a sentence below the statutory mandatory minimum. In fact, the court would have committed reversible error if it had sentenced him to less than" the statutory minimum. United States v. Gomes, No. 10-11225, slip op. at 46 (11th Cir. Oct. 1, 2010). Louissaint's sentence is thus both procedurally and substantive reasonable.

**AFFIRMED.**