[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13297

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 30, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00134 CR-FTM-29SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON DESHON SPEARS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 30, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and FAY, Circuit Judges.

PER CURIAM:

Defendant Aaron Deshon Spears appeals his 200-month sentence for

possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§

922(g)(1) and 924(e). The district court enhanced Defendant's sentence under

section 924(e), the Armed Career Criminal Act ("ACCA"), because it found that Defendant had three qualifying prior convictions: two felony convictions for robbery with a deadly weapon and one felony conviction for sale or delivery of cocaine.

Defendant argues on appeal that the district court improperly enhanced Defendant's sentence under section 924(e) because (1) the two robberies were actually one single robbery, (2) one of the robberies does not count for ACCA enhancement because adjudication was withheld initially, (3) Defendant was a juvenile when he committed this robbery and his conviction does not meet the ACCA's requirements for juvenile convictions, and (4) under Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), and its progeny, a jury should have determined whether Defendant's robbery convictions were for separate offenses, or alternatively, the government should have proven this fact to the district court beyond a reasonable doubt. In addition, Defendant argues that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(C) by not attaching to the presentence report ("PSI") its resolutions to Defendant's objections to the PSI.

No reversible error has been shown; therefore, we affirm Defendant's sentence. We remand for the district court to attach a copy of the sentencing hearing transcript to the PSI.

2

Sentencing Enhancement Claims

The ACCA provides that

a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . shall be fined under this title and imprisoned not less than fifteen years . . .

the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult.

18 U.S.C. 924(e).

We review de novo a district court's determination of whether two crimes constitute a single criminal episode or two separate felonies for purposes of section 924(e). United States v. Richardson, 230 F.3d 1297, 1298 (11th Cir. 2000).

Defendant's robbery convictions stemmed from incidents that occurred on the night of 26 December 1991. At the sentencing hearing for his 922(g) conviction, Defendant testified that he went to a local park that night to steal money. Defendant spotted two people in the parking lot, parked and exited his car, and robbed these two people. Then, Defendant began to return to his car. Defendant saw another person while he was returning to his car, and robbed this

3

person. Defendant testified that, at most, two minutes and twenty-five to thirty feet separated the two incidents.[1]

Defendant's acts constitute two separate robberies. In United States v. Pope, this Court determined that "the 'successful' completion of one crime plus a subsequent conscious decision to commit another crime makes that second crime distinct from the first for the purposes of the ACCA." 132 F.3d 684, 692 (11th Cir. 1998). Defendant's assertion that the temporal and physical proximity of the crimes makes them a single criminal episode is incorrect. Defendant initiated and successfully completed the first robbery. Then, Defendant started to return to his car. Defendant then saw the second victim, made a decision to commit the second robbery, and committed and completed that robbery. Defendant could have ceased his criminal activity after the completion of the first robbery; he admitted this fact at the sentencing hearing for the 922(g) conviction. Instead, Defendant found and decided to engage in a new criminal opportunity. This conduct is sufficient to make the crimes two separate criminal episodes for ACCA enhancement.

---

[1]The district court admitted and considered police reports about these incidents in concluding that they constituted separate robberies rather than a single robbery. The police reports contradicted Defendant's testimony about the distance and time between the robberies. Defendant claims the court's consideration of the police reports violated Shepard v. United States, 125 S.Ct. 1254, 1263 (2005) (determining a sentencing court may not look to police reports in determining whether a "plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense"). Because Defendant's own testimony sufficiently supports the district court's conclusion that Defendant committed two different robberies, we do not reach this argument.

Defendant's claim that one of his robbery convictions does not count for ACCA enhancement because adjudication was initially withheld is meritless. Adjudication of guilt was ultimately imposed for the robbery after Defendant violated his probation. Therefore, the robbery is a predicate conviction for ACCA enhancement. See United States v. Drayton, 113 F.3d 1191, 1193 (11th Cir. 1997) (saying that under Florida law, adjudication imposed after probation violation qualifies as a conviction for the ACCA).[2]

Defendant also claims that this robbery conviction does not count for ACCA enhancement because he was only seventeen years old when he committed the robbery and was only convicted of having a deadly weapon, not specifically a firearm, knife, or destructive device. This claim is meritless because Defendant was convicted and sentenced as an adult for the robbery; therefore, the robbery conviction counts towards ACCA enhancement because it was punishable by imprisonment for a term exceeding one year. See 18 U.S.C. § 924(e)(2)(B) (saying qualifying predicate conviction includes a "violent felony" which is "any crime punishable by imprisonment for a term exceeding one year"); United States v. Cure, 996 F.2d 1136, 1139-40 (11th Cir. 1993) (concluding that prior conviction for crime committed when defendant was under seventeen satisfied

_____

[2]Defendant's robbery convictions were under Fla. Stat. § 812.13.

ACCA's requirements because defendant was adjudicated as an adult under Florida law and sentenced for a term exceeding one year).

Finally, Defendant argues that the district court's application of the ACCA violated Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005), because the court, rather than the jury, determined whether Defendant's two robbery convictions were separate offenses for the purpose of enhancing Defendant's sentence. In the alternative, Defendant claims that if the court was authorized to make that determination, the government should have been required to prove beyond a reasonable doubt, rather than by a preponderance of the evidence, that the robbery convictions were separate offenses. Defendant raises these issues for the first time on appeal; therefore, this Court reviews the claims for plain error. United States v. Rodriguez, 398 F.3d 1291, 1297-98 (11th Cir. 2005).

Defendant does not establish that the district court plainly erred. Apprendi and its progeny exempt the determination of the fact of prior conviction from the rule that any fact increasing the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. See Apprendi, 120 S.Ct. at 2362-63 ("Other than the fact of a prior conviction, any fact

that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); United States v. Marseille, 377 F.3d 1249, 1257 (11th Cir. 2004) ("The government . . . need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence."). And we recently wrote in United States v. Greer that the district court's analysis of prior convictions includes considering the "nature of prior convictions, without submitting those issues to the jury." --- F.3d ---, 2006 WL 435662, *6 (11th Cir. 2006).

## Rule 32

We review de novo legal questions concerning the Federal Rules of Criminal Procedure. United States v. Noel, 231 F.3d 833, 836 (11th Cir. 2000).

Federal Rule of Criminal Procedure 32(i)(3) requires that a sentencing court:

> must – for any disputed portion of the presentence report or other controverted matter – rule on the dispute or determine that a ruling is unnecessary . . . and must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.

7

Defendant argues that the trial court violated Rule 32 because the court did not attach anything to the PSI.

This Court decided under an earlier version of Rule 32 that failure to attach such determinations to the PSI is a "'ministerial matter' which may be remedied without resentencing by attaching a copy of the sentencing hearing transcript to the presentence report." United States v. Forbes, 888 F.2d 752, 755 (11th Cir. 1989). Accordingly, we remand for the limited purpose of attaching a copy of the sentencing hearing transcript to the PSI.

We AFFIRM Defendant's sentence and REMAND for the limited purpose of attaching a copy of the transcript from Defendant's sentencing hearing to the presentence report.