[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 1, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16482
Non-Argument Calendar

_____

D. C. Docket No. 04-00591-CR-WBH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 1, 2006)

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Albert Brown appeals his 264-month sentence imposed following his guilty

plea to robbery and firearms offenses.  After review, we affirm.

## I.  BACKGROUND

Brown and two co-defendants, carrying firearms, robbed a restaurant in Atlanta, Georgia.  The robbers fled in a van at a high rate of speed, at one point nearly hitting a woman and small boy.  During pursuit by police, the van's driver ran a red light and drove erratically until he came to a dead end.  All three robbers exited the van and were apprehended while attempting to flee.  Brown pled guilty to these five crimes: conspiracy to interfere with commerce by robbery, pursuant to 18 U.S.C. § 1951(a) (Count 1); aiding & abetting interference with commerce by robbery, pursuant to 18 U.S.C. §§ 1951(a) & 2 (Count 2); conspiracy to possess firearms in furtherance of a robbery, pursuant to 18 U.S.C. § 924(n) (Count 3); possession of a firearm during and in relation to robbery, pursuant to 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2 (Count 4); and unlawful possession of a firearm by a convicted felon, pursuant to 18 U.S.C. § 922(g) (Count 7).

At sentencing, the presentence investigation report ("PSI") classified Brown as an armed career criminal within the meaning of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, based on these five qualifying prior felony convictions: (1) robbery, #84CR1964, Dekalb County Superior Court, Decatur, Georgia; (2) possession of cocaine with intent to distribute on April 7, 1990, #Z22369, Fulton County

2

Superior Court, Atlanta, Georgia; (3) possession of marijuana with intent to distribute on February 12, 2002, #02CR4196, Dekalb County Superior Court, Decatur, Georgia; (4) possession of marijuana with intent to distribute on April 3, 2002, #02CR4196, Dekalb County Superior Court, Decatur, Georgia; and (5) possession of marijuana with intent to distribute on April 4, 2002, #02CR4196, Dekalb County Superior Court, Decatur, Georgia. Brown's three prior marijuana offenses were charged as separate counts in one indictment in case number 84CR4196, Dekalb County Superior Court, Decatur, Georgia and were based upon sales of marijuana to an undercover police officer on three different dates.[1]

Brown did not dispute that he had these convictions. Rather, Brown objected, arguing that he did not have three <u>qualifying</u> prior offenses. Brown asserted that his robbery offense was not a violent felony and that his prior three-count indictment for marijuana offenses involved a course of conduct that constituted only one offense. Thus, Brown claimed he had only two qualifying prior serious drug convictions, to wit: (1) the possession of cocaine with intent to distribute on April 7, 1990 and (2) one marijuana possession with intent to distribute. The district court overruled Brown's objection, finding that Brown was

---

[1]In addition to the five qualifying felony offenses, the PSI showed that Brown had five other prior felony convictions and numerous misdemeanor offenses, which yielded 16 criminal history points and a criminal history category of VI.

an armed career criminal.

The district court sentenced Brown as an armed career criminal to a mandatory minimum 180-month term of imprisonment on Counts 1, 2, 3 and 7. See 18 U.S.C. § 924(e).  On Count 4 (firearm possession in furtherance of a robbery), the district court sentenced Brown to the mandatory minimum 84-month term of  imprisonment, to run consecutively, resulting in a total of 264 months' imprisonment.  See U.S.S.G. § 2K2.4(b) (providing that the Guidelines sentence is the minimum term of imprisonment required by 18 U.S.C. § 924(c)(1)(A)(ii) and (c)(2), which is 84 months, consecutive to any other sentence).  Brown timely appealed.

## II.  DISCUSSION

"The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), provides a mandatory minimum sentence of fifteen years for anyone who violates 18 U.S.C. § 922(g)[, by illegally possessing a firearm,] after three convictions for a violent felony or a serious drug offense."  United States v. Greer, 440 F.3d 1267, 1269 (11th Cir. 2006); see also 18 U.S.C. § 924(e)(1).  Section 4B1.4 of the Sentencing Guidelines implements the ACCA.  See U.S.S.G. §  4B1.4 cmt. background. Under the ACCA, the three qualifying offenses must be temporally distinct.  See 18 U.S.C. § 924(e) (requiring offenses to have been "committed on occasions

different from one another"); United States v. Jackson, 57 F.3d 1012, 1017-18 (11th Cir. 1995). However, the convictions need not have been obtained on separate occasions; nor are separate indictments required. See id.

Offenses that "are successive rather than simultaneous . . . constitute separate criminal episodes for purposes of the ACCA. United States v. Pope, 132 F.3d 684, 692 (11th Cir. 1998) (concluding that two burglaries committed on the same evening in separate buildings 200 yards apart were sufficiently distinct under the ACCA); see also United States v. Spears, 443 F.3d 1358, 1360 (11th Cir. 2006) (concluding that two robberies committed within two minutes and thirty feet of each other were sufficiently distinct under the ACCA). "[T]he 'successful' completion of one crime plus a subsequent conscious decision to commit another crime makes that second crime distinct from the first . . . ." Pope 132 F.3d at 692. Thus the ACCA will apply "to criminals who commit three offenses in temporal and physical proximity to one another if the perpetrator had a meaningful opportunity to desist his activity before committing [another] offense." Id. at 690. "Mere temporal proximity is ordinarily insufficient to merge multiple offenses into a single criminal episode. Distinctions in time and place are usually sufficient to separate criminal episodes from one another even when the gaps are small." Id.[2]

---

[2]"We review de novo a district court's determination of whether two crimes constitute a single criminal episode or two separate felonies for purposes of section 924(e)." Spears, 443

5

Here, although the three marijuana offenses were charged in one indictment, sufficient time passed between the conduct underlying each offense to give Brown "meaningful opportunity" to stop before committing the next offense. According to the PSI, which Brown did not dispute, Brown's convictions were for selling marijuana to an undercover police officer on February 12, 2002, April 3, 2002 and April 4, 2002.[3] Notably, two of these transactions occurred seven weeks apart, more than sufficient time to consider them separate offenses. Thus, Brown has at least three qualifying prior convictions: (1) possession of cocaine with intent to distribute on April 7, 1990; (2) possession of marijuana with intent to distribute on February 12, 2002; and (3) possession of marijuana with intent to distribute on April 3, 2002. Because we conclude that Brown has three qualifying prior convictions without his prior robbery offense being counted, we do not address Brown's argument that his prior robbery conviction did not constitute a violent felony for purposes of the ACCA. Accordingly, the district court did not err in sentencing Brown to the mandatory minimum 180-month sentence required by the

F.3d at 1360.

[3]On appeal and in the district court Brown has not disputed his prior convictions for possession of marijuana with intent to distribute on these different dates. Similarly, Brown has never raised a challenge based upon Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005).

ACCA.[4]

**AFFIRMED.**

---

[4]Brown also challenges the district court's offense level calculations under the Sentencing Guidelines.  The district court based Brown's total sentence on the mandatory minimums in the ACCA and in 18 U.S.C. § 924(c)(1)(A)(ii), not on its Guidelines calculations.  Therefore, any possible misapplication of the Guidelines would be harmless error.  See Williams v. United States, 503 U.S. 193, 202-03, 112 S. Ct. 1112, 1120-21 (1992) (holding that remand is not required where a misapplication of the Guidelines did not affect the sentence imposed).