[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 25, 2011
JOHN LEY
CLERK

No. 11-11988
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cr-00108-LC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAVAR EUGENE ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 25, 2011)

Before WILSON, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Lavar Eugene Anderson appeals his 78-month sentence for possession of

500 grams or more of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). Anderson argues that when the district court determined his sentence, it improperly relied on unestablished and disputed facts that originated from a confidential informant. Anderson also argues that the court's reliance on these facts rendered his sentence procedurally unreasonable. After thorough review of the record, we find Anderson's arguments lack merit. Consequently, we affirm the sentence.

We review legal questions concerning the Federal Rules of Criminal Procedure de novo. United States v. Spears, 443 F.3d 1358, 1361 (11th Cir. 2006). The district court must make independent findings establishing the factual basis for its sentencing guideline calculations. United States v. Hamaker, 455 F.3d 1316, 1338 (11th Cir. 2006). Fed. R. Crim. P. 32(i)(3)(B) further requires the district court either to rule on "any disputed portion of the presentence report or other controverted matter," or to "determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." When a court relies upon a disputed fact as the basis for sentencing, the government must establish the fact by a preponderance of the evidence. United States v. Lawrence, 47 F.3d 1559, 1566 (11th Cir. 1995).

Anderson's argument on appeal rests on a single statement made by the

2

district court at sentencing: "I have not seen a more active actual seller of drugs in a long time; many conspiracies that involve a greater amount, but not active literal selling, passing, distributing the drugs." Pointing only to the sentence's inclusion of the words, "many conspiracies," while ignoring the sentence's plain meaning, Anderson claims the district court found him to have been part of "extensive multiple conspiracies," even though the undisputed evidence supported a finding of only a single conspiracy. Based on this tortured interpretation of the court's statement, Anderson concludes that the court must have improperly relied on disputed facts originating from the confidential informant, in violation of Fed. R. Crim. P. 32(i)(3)(B).

We agree with the government that Anderson has "substantially misconstrue[d] the district court's explanation." It is clear that the district court's statement was contrasting the high level of distribution activity in this case with other conspiracies involving a greater amount of drugs than involved in Anderson's case but less active distribution. Thus, contrary to Anderson's assertion, the district court never based its sentencing decision on a finding of "many conspiracies."

Furthermore, we emphasize that the district court explicitly stated that it would not consider the disputed facts contained in paragraphs 7 and 8 of the PSI

in making a sentencing determination. Beyond this, the court noted Anderson's objections to the two paragraphs when it adopted the findings in the PSI; specifically refuted reliance upon the disputed facts when Anderson's counsel voiced concern that the court had done so; and substantiated its finding of Anderson's "active distribution" by citing the undisputed facts regarding the number of pre-packaged baggies and other cocaine that were recovered from both Anderson's residence and vehicle. We therefore conclude that the district court did not improperly rely on disputed facts in determining Anderson's sentence.

Finally, Anderson has failed to establish procedural error. In evaluating procedural reasonableness, we must ensure that the district court committed "no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." United States v. Saac, 632 F.3d 1203, 1212 (11th Cir. 2011). Beyond the discussion set out above, the district court expressly stated that it considered the Guidelines, the undisputed factual allegations in the PSI, and the § 3553 factors prior to sentencing.

For all of these reasons, we affirm Anderson's sentence.

**AFFIRMED**.