[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12515
Non-Argument Calendar
_____

D.C. Docket No. 1:99-cr-00208-PAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE DUPREE COGDELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 14, 2012)

Before BARKETT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Andre Cogdell, *pro se*, appeals the district court's denial of his

post-conviction motion to correct a purported error in the presentence investigation report ("PSI"), pursuant to Fed.R.Crim.P. 36, and his motion for reconsideration. On appeal, Cogdell makes the following arguments: (1) the district court erred by denying his Rule 26 motion; (2) the court at his original sentencing failed to make requisite factual findings with regard to his objection to paragraph 43 of the PSI and failed to append its written determinations to a copy of the PSI, pursuant to Fed.R.Crim.P. 32; (3) the court erred in determining that the crime in paragraph 43 was a crime of violence under U.S.S.G. § 4B1.2. and (4) he did not plead guilty to aggravated assault.

We review *de novo* legal questions concerning the Federal Rules of Criminal Procedure. *United States v. Spears*, 443 F.3d 1358, 1361 (11th Cir. 2006). We also review *de novo* the district court's application of Rule 36. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).

In this case, the district court did not err in denying Cogdell's Rule 36 motion or motion for reconsideration because there was no clerical error. Further, there were no controverted facts, and, therefore, the district court was not required to make findings or append a copy of such findings to the PSI, pursuant to Fed.R.Crim.P. 32. Moreover, any challenge to Cogdell's career-offender classification is an attempt to challenge the validity of the district court's

2

sentencing guidelines calculation, and, thus, is an inappropriate use of Rule 36.

*See Portillo*, 363 F.3d at 1164-65.    Furthermore, any potential error in paragraph

43 of the PSI with regard to Cogdell pleading *nolo contendere* to aggravated

assault was invited because, in his objection to paragraph 43, he clearly asserted

that he pled guilty to aggravated assault.    *Silvestri,* 409 F.3d at 1327.

Upon review of the record and consideration of the parties' briefs, we

affirm.

**AFFIRMED.**