[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11131
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cr-00009-WTM-JEG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUSSELL JAY NEWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 30, 2014)

Before TJOFLAT, HULL and JORDAN, Circuit Judges.

PER CURIAM:

After pleading guilty, Russell Jay Newell appeals his total 188-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1), and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 2).  On appeal, Newell contends his sentence is unreasonable.  After review, we affirm.

## I.  BACKGROUND

On July 18, 2013, Newell pled guilty to both counts.  Subsequently, the government discovered that Newell had three qualifying prior convictions under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  The government filed an unopposed motion asking the district court to hold a supplemental plea hearing to advise Newell that he was subject to the ACCA's increased 15-year mandatory minimum and life maximum penalties.  On January 6, 2014, the district court held a supplemental plea hearing, at which Newell re-entered his guilty plea.

Newell's Presentence Investigation Report ("PSI") listed three juvenile convictions and nine adult convictions in the state of Georgia.  Newell's adult convictions included: (1) a 1997 conviction for theft by receiving stolen property; (2) 1997 convictions for theft by taking and burglary; (3) a 1998 conviction for burglary; (4) a 2005 conviction for possession of methamphetamine; (5) a 2009 conviction for giving false information to a law enforcement officer; (6) a 2009 conviction for manufacturing methamphetamine; (7) a 2011 conviction for

criminal damage to property; (8) 2011 convictions for fleeing or attempting to elude, and giving false information to, a law enforcement officer; and (9) a 2012 conviction for theft by receiving stolen property.

As to Count 2, the PSI recommended that, based on Newell's 1998 burglary and 2009 methamphetamine manufacturing convictions, Newell was a career offender, pursuant to U.S.S.G. § 4B1.1(b)(3), with an offense level of 32. As to Count 1, the PSI recommended that, based on those same two convictions and Newell's 1997 burglary conviction, Newell was an "armed career criminal" under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4(b)(3)(A), which resulted in an offense level of 34 because Newell had possessed a firearm in connection with a controlled substance offense. Because Newell was subject to both offense-level increases, the PSI recommended applying the higher, armed career criminal offense level of 34. See U.S.S.G. § 4B1.4(b) (instructing the district court to apply the offense level that is the greatest).

After a three level reduction for acceptance of responsibility, the PSI stated that Newell's total offense level was 31. With a criminal history category of VI, the resulting advisory guidelines range was 188 to 235 months. As to the firearm offense in Count 1, the statutory minimum prison term was 15 years (180 months) and the maximum prison term was life, pursuant to 18 U.S.C. § 924(e). As to the

drug offense in Count 2, the statutory maximum prison term was twenty years (240 months), pursuant to 21 U.S.C. § 841(b)(1)(C).

At sentencing, Newell objected to his guidelines classification as both a career offender and an armed career criminal. Newell argued that the district court could not rely on his 1997 and 1998 burglary convictions, which were for offenses he committed when he was 16 and 17 years old. Newell conceded that they were adult convictions and that he was represented by counsel, but contended that the two convictions were illegal because the proper paperwork was not filed to transfer him from juvenile court to the Superior Court of Ben Hill County.

The district court overruled Newell's objections and adopted the PSI's guidelines calculations and advisory guidelines range of 188 to 235 months.[1] Newell's counsel asked the district court to sentence Newell to the lower end of the guidelines range. Newell addressed the district court, apologized for his conduct, and asked the district court to consider his difficult childhood, his medical history, and his age when he committed some of his offenses.

The district court imposed a total 188-month sentence on both conviction counts to run concurrently. The district court stated that it had listened to Newell,

---

[1]At sentencing, the parties and the court discussed only the guidelines range of 188 to 235 months and did not mention the statutory mandatory minimum of 15 years, or 180 months, on Count 1. The district court imposed a sentence after evaluating, and based on, the guidelines range.

4

reviewed the PSI and the addendum, considered the 18 U.S.C. § 3553(a) factors

and concluded that there was no reason to vary from the advisory guidelines range.

In explaining its reasons for the sentence, the district court stated:

On November 29, 2012, the Defendant fled from a traffic stop driving at a high rate of speed, and after abandoning his vehicle the Defendant fled on foot carrying with him an unloaded .40 caliber handgun and a quantity of methamphetamine.  The Defendant was ultimately apprehended and the drugs and the firearm were recovered.  The Defendant has acknowledged his criminal conduct in this case and he has entered his plea of guilty in a timely manner.  Mr. Newell unfortunately has a lengthy substance-abuse history and an extensive criminal history including convictions of seven felony offenses, and based upon his criminal history and the nature of the instant offense the Defendant is classified for sentencing purposes as both a career offender and an armed career criminal.

The district court further stated that it had chosen the 188-month sentence based on

certain § 3553(a) factors, including the need for the sentence imposed to reflect the

seriousness of the offense conduct and to afford adequate deterrence for future

criminal conduct.  Neither party objected to the district court's sentence.

## II.  DISCUSSION

In undertaking a reasonableness review, we look first at whether the district

court committed any significant procedural error and then at whether the sentence

is substantively unreasonable under the totality of the circumstances.  United States

v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  We will reverse only if "left with

the definite and firm conviction that the district court committed a clear error of

judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence

that lies outside the range of reasonable sentences dictated by the facts of the case." Id. at 1191 (quotation marks omitted).  The party challenging the sentence bears the burden to show the sentence is unreasonable in light of the record and the § 3553(a) factors.  Id. at 1189.

## A.  Procedural Reasonableness

On appeal, Newell does not argue that his sentence is procedurally unreasonable.  In the "statement of issues" portion of his counseled brief, Newell does identify the sole issue on appeal as "[w]hether a crime committed as a juvenile can be counted as a predicate conviction under the Armed Career Criminal Act [("ACCA")]."  In the body of his brief, however, Newell argues only that his sentence is substantively unreasonable and offers no argument about the ACCA. Accordingly, Newell has abandoned his ACCA issue.  See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003); Fed. R. App. P. 28(a)(8).

In any event, any claim Newell has about the ACCA fails.  Newell's two adult convictions for burglary, committed when Newell was 16 and 17, do count for purposes of the ACCA.  A defendant convicted under 18 U.S.C. § 922(g) is subject to the increased statutory penalties under § 924(e)(1)—a mandatory minimum 15-year sentence and maximum life sentence— if the defendant has three prior convictions for a violent felony or serious drug offense, committed on different occasions.  18 U.S.C. § 924(e)(1).  Burglary is a "violent felony" under

6

the ACCA.  Id. § 924(e)(2)(B)(ii); Taylor v. United States, 495 U.S. 575, 599, 110 S. Ct. 2143, 2158 (1990) (explaining that "burglary" under the ACCA refers to generic burglary, which requires an unlawful entry into a building or structure with the intent to commit a crime).  Both of Newell's burglary offenses involved an unlawful entry into a dwelling with intent to commit theft.  According to the PSI, the indictment for Newell's 1997 burglary conviction charged him with entering a person's residence with the intent to commit theft, and the indictment for Newell's 1998 burglary conviction charged him with entering a person's dwelling with the intent to commit theft.  Each time, Newell pled guilty in the Superior Court of Ben Hill County and was represented by counsel.[2]

In addition, a prior conviction for an offense committed when the defendant was a juvenile "counts towards ACCA enhancement" if, as here, the government prosecuted the defendant as an adult.  United States v. Spears, 443 F.3d 1358, 1360-61 (11th Cir. 2006); see also United States v. Wilks, 464 F.3d 1240, 1243

---

[2]At sentencing, Newell did not object to the PSI's description of the burglary offenses charged in these two state court indictments and thus admitted them for sentencing purposes. See Shepard v. United States, 544 U.S. 13, 26, 125 S. Ct. 1254, 1263 (2005) (concluding that the sentencing court may look to the charging documents to determine the nature of the prior conviction for ACCA purposes); United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (explaining that the sentencing court may rely on the undisputed portions of the PSI, which are deemed admitted by the defendant).  Under Georgia law, entry of a dwelling without authority and with intent to commit theft is a first degree burglary. See O.C.G.A. § 16-7-1(b).  A dwelling is defined as "any building, structure, or portion thereof which is designed or intended for occupancy for residential use."  Id. § 16-7-1(a).  First degree burglary is a felony punishable by not less than one year in prison.  Id. § 16-7-1(b).  Thus, Newell admitted that his 1997 and 1998 state burglary convictions were for generic burglaries within the meaning of the ACCA.

(11th Cir. 2006) (concluding that use of such convictions as ACCA predicate offenses does not violate the Eighth Amendment). Thus, Newell's prior convictions qualified him for the ACCA enhancement and as an "armed career criminal" under the guidelines. Accordingly, the district court did not err in calculating Newell's offense level of 34 under U.S.S.G. § 4B1.4(b)(3)(A).

## B.    Substantive Reasonableness

Newell's 188-month sentence is at the low end of the advisory guidelines range of 188 to 235 months' imprisonment and is not substantively unreasonable.

Newell's sentence met the goals encompassed within § 3553(a). As the district court stressed, the circumstances surrounding Newell's current federal offenses were very serious. Following a traffic stop, Newell led police on a high-speed chase, driving over seven miles at speeds in excess of 100 miles per hour, before abandoning his vehicle and fleeing on foot with a firearm and a bag of methamphetamine. The district court also highlighted Newell's extensive criminal history, which includes seven state felony convictions, including for multiple theft and burglary offenses, possession and manufacturing of methamphetamine, and fleeing or attempting to elude a law enforcement officer, and Newell's long history of substance abuse. Newell's criminal history was such that, although he was only 33 years old at the time of sentencing, he qualified as an armed career criminal and

a career offender.  Newell also had numerous prior parole and probation revocations.

Citing Kimbrough v. United States, 552 U.S. 85, 128 S. Ct. 558 (2007), Newell contends the district court should have varied downward to a sentence within a different advisory guidelines range that would have applied had he not qualified as career offender and an armed career criminal under the Sentencing Guidelines.  Newell points out that he committed two of his qualifying felony convictions when he was 16 and 17 years old and a juvenile under Georgia law.

We note that Newell did not raise a Kimbrough-style challenge at sentencing or request a downward variance on that basis.  In any event, Newell's reliance on Kimbrough is misplaced.  Kimbrough merely permits a district court, in its discretion, to vary from a guidelines range based on a lack of empirical support for a guidelines calculation, but it does not require the court to do so.  See Kimbrough, 552 U.S. at 109-10, 128 S. Ct. at 575; Pugh, 515 F.3d at 1201 n.15 (stating that under Kimbrough "a district judge has the authority to deviate from the Guidelines in a particular crack cocaine case because the Guidelines range for these offenses . . . did not take account of empirical data and national experience" (quotation marks omitted)).

Moreover, our reasonableness review applies only to the defendant's ultimate sentence, not to "each individual decision made during the sentencing

9

process." <u>United States v. Winingear</u>, 422 F.3d 1241, 1245 (11th Cir. 2005).

Newell's applicable guidelines range was correctly calculated, and he qualified as

both a career offender and an armed career criminal.  At sentencing, the district

court heard Newell's argument that he was "young and dumb and . . . following

behind ones I shouldn't have been following behind" when he committed those

two prior offenses.  Yet, the district court chose not to vary downward on that

basis.  Newell has not met his burden to show an abuse of discretion.

Newell also argues that Count 2 involved only 2.87 grams, a relatively small

amount of methamphetamine.  Given Newell's criminal history and the nature of

his current offenses, we cannot say a sentence at the low end of the advisory

guidelines range is unreasonable.

**AFFIRMED.**

10