[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15253
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cr-00243-LSC-JHE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HORACE EARL JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 17, 2020)

Before JORDAN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Horace Earl Jackson appeals his 120-month sentence for being a felon in possession of a firearm. While in possession of the subject firearm, Jackson was involved in an incident outside a nightclub, during which he brandished the firearm and discharged several rounds at another individual's car, striking the individual in the arm. Jackson raises two arguments on appeal. First, he contends the district court erred in imposing an above-guideline sentence without providing the parties with prior notice under Rule 32(h) of the Federal Rules of Criminal Procedure. Second, he argues that his sentence is substantively unreasonable because the district court lacked sufficient justification to vary upward to the 120-month statutory maximum. After review, we affirm.

## I. RULE 32(h)

We review legal questions concerning the Federal Rules of Criminal Procedure *de novo*. *United States v. Spears*, 443 F.3d 1358, 1361 (11th Cir. 2006). However, where a party fails to preserve its objection and therefore forfeits its claim, we review the district court's actions for plain error. *See United States v. Prouty*, 303 F.3d 1249, 1251 (11th Cir. 2002) (applying plain error standard when defendant did not timely raise an objection regarding allocution under Rule 32(c)(3)(C)). As Jackson did not preserve any objection based on Rule 32(h), the proper standard of review is plain error.

2

Here, Jackson has not shown that the district court erred, much less plainly so, as the court did not impose a departure that was subject to Rule 32(h)'s notice requirement.  Rule 32(h) provides, in relevant part as follows: "Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure."  Fed. R. Crim. P. 32(h).

Rule 32(h)'s notice requirement applies only to *departures* a district court makes pursuant to a particular provision in the Guidelines, and the Supreme Court has declined to extend the rule to a *variance* the district court imposes after considering the factors set forth in 18 U.S.C. § 3553(a).  *Irizarry v. United States*, 553 U.S. 708, 714, 716 (2008).  To determine whether the district court employed a variance or a departure, "we consider whether the district court cited to a specific guideline departure provision and if the court's rationale was based on its determination that the Guidelines were inadequate" in light of the § 3553(a) factors.  *United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009).

While the district court did not explicitly specify whether it was imposing a "departure" or a "variance," the record here indicates the district court imposed a variance based on the § 3553(a) factors, rather than a departure under the Guidelines.  The district court did not reference any particular provision in the

3

Guidelines governing departures.  It did, however, specifically reference the § 3553(a) factors—particularly Jackson's history and characteristics and the circumstances of the offense—in announcing the above-guideline sentence. Accordingly, we perceive no error in the district court's imposing an above-guideline sentence without providing the parties with notice under Rule 32(h).

## II. SUBSTANTIVE REASONABLENESS

We review the substantive reasonableness of a sentence the district court imposes for an abuse of discretion, regardless of whether the sentence is inside or outside of the guideline range.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  In determining whether a district court abused its discretion, we consider the totality of the circumstances and whether the sentence achieves the sentencing purposes stated in 18 U.S.C. § 3553(a).  *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).

Here, Jackson has failed to show his 120-month sentence is substantially unreasonable.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010) ("The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors.").  Jackson argues the only justification the district court had to impose the variance was the court's alleged belief that Jackson's offense level should have been determined by U.S.S.G. § 2A2.1, rather

than § 2A2.2.[1]  But, as discussed above, the record shows the district court imposed the variance because of the nature and circumstances of Jackson's offense and his history and characteristics.  The court specifically noted Jackson was "an extremely dangerous individual that has resorted to firearms and hurting people on a regular basis as demonstrated by [his] shooting into the vehicle in this particular instance."  *See* 18 U.S.C. § 3553(a)(1).

The factual allegations contained in the PSI, to which Jackson did not object, supported the district court's comments.  *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) ("[A] failure to object to allegations of fact in a PSI admits those facts for sentencing purposes.").  Jackson notes these facts were already taken into account in calculating the guideline range, but this did not preclude the court from considering those same facts in assessing the § 3553(a) factors.  *See United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

In sum, given the deference we owe to the district court's sentencing determination, we find the district court's conclusion—that a sentence within the

---

[1] U.S.S.G. § 2K2.1 generally provides the base offense level for possession of a firearm by a convicted felon.  However, because Jackson possessed a firearm "in connection with the commission . . . of another offense," the Guidelines provide for the application of the provision concerning attempt, solicitation, or conspiracy of the other offense.  U.S.S.G. § 2K2.1(c)(1)(A). The plea agreement originally stipulated Jackson's base offense level should be calculated using U.S.S.G. § 2A2.2, which provides the base offense level for aggravated assault.  However, the Presentence Investigation Report used § 2A2.1, which concerns assault with intent to commit murder.  At the plea hearing, the court agreed to apply § 2A2.2, in accordance with the parties' agreement.

guideline range was inappropriate given the violent nature of Jackson's felon-in-possession offense and Jackson's propensity to engage in criminal acts that involve the use of violence, firearms, or both—was a sufficiently compelling justification for the upward variance. *See Gall*, 552 U.S. at 41; *United States v. Flores*, 572 F.3d 1254, 1270–71 (11th Cir. 2009). The district court's 120-month sentence thus was substantively reasonable, and we affirm. *Sarras*, 575 F.3d at 1219.

**AFFIRMED.**