[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13618

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LENEN ENRIQUE PACHECO COLON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20390-JEM-1

_____

Before JORDAN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Lenen Enrique Pacheco Colon appeals his sentence of 200 months' imprisonment for carjacking and brandishing a firearm in furtherance of a crime of violence. Pacheco Colon argues that (1) the district court erred in failing to provide him advance notice of the court's intent to sentence him above the advisory guidelines range, as allegedly required under Federal Rule of Criminal Procedure 32(h), and (2) his sentence was substantively unreasonable. After careful review, we find that Pacheco Colon's arguments lack merit. Accordingly, we affirm.

## I.     Background

### A.     Factual Background

On or about April 25, 2022, Pacheco Colon and three co-conspirators, driving a dark-colored Dodge Charger, tailgated a Lamborghini into an apartment building's parking garage. There were four people in the Lamborghini—one male driver and three female passengers. The driver lived in one of the apartments in the building.

Once they were inside the garage, the occupants of the Lamborghini exited their vehicle, after which Pacheco Colon and his three co-conspirators pulled up next to them. Pacheco Colon and the co-conspirators held the occupants of the Lamborghini "at gunpoint and demanded their belongings," including the keys to

the Lamborghini, the keys to the driver's apartment, and "jewelry, watches, purses, phones, and at least one firearm."[1]  The victims complied.

After taking the victims' belongings, Pacheco Colon and two of his co-conspirators "took physical control" of the victims and forced them up to the driver's apartment.[2]  They forced the victims to sit on the couch while Pacheco Colon looked for "items of value" in the apartment.  Pacheco Colon demanded cash.  When the driver responded that he did not have any, Pacheco Colon took his bank card instead.  Pacheco Colon then decided to take the driver back to the parking garage.  Before leaving, he told the other victims "that if they called the police, [Pacheco Colon and his co-conspirators] would kill [the driver]."

Once back in the parking garage, Pacheco Colon and his co-conspirators forced the driver into the backseat of his Lamborghini and held him at gunpoint.  One co-conspirator sat in the back with the driver while another drove the Lamborghini out of the parking garage.  Pacheco Colon followed in the Charger.

---

[1] At the sentencing hearing, the government clarified that Pacheco Colon "was the person who actually held the [driver] at gunpoint and robbed him." Pacheco Colon did not dispute the government's statement.

[2] At the sentencing hearing, the government clarified that Pacheco Colon was "the one who forced . . . the [driver] up to his apartment at gunpoint [and] continued to rob him in his apartment."  Again, Pacheco Colon did not dispute the government's statement.

Both vehicles then drove down the highway. Eventually, both cars exited the highway, the two co-conspirators got out of the Lamborghini, and Pacheco Colon and the co-conspirators "left the victim and his vehicle on the side of the road."

### B.    Indictment, Plea, and Presentence Investigation Report

A federal grand jury indicted Pacheco Colon for (1) conspiracy to kidnap, in violation of 18 U.S.C. § 1801(c) (Count I); (2) kidnapping, in violation of 18 U.S.C. § 1201(a)(1) (Count II); (3) carjacking, in violation of 18 U.S.C. § 2119(1) (Count III); and (4) brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count IV). In a written plea agreement, Pacheco Colon pleaded guilty to counts three and four, with the government agreeing to drop counts one and two.

The presentence investigation report ("PSI") calculated an advisory guidelines sentencing range of 87 to 108 months for count three, based on a total offense level of 27 and a criminal history category of III. As for count four, the PSI explained that the guidelines range was the mandatory minimum—seven years' imprisonment (84 months)—though the statutory maximum sentence was life in prison. Further, any term of imprisonment imposed for count four was statutorily required to run consecutively to that imposed for count three. *See* 18 U.S.C. § 924(c)(1)(A)(ii) (providing that a person who "brandishe[s]" a firearm in furtherance of a crime of violence shall "be sentenced to a term of imprisonment of not less than 7 years"); *id.* § 924(c)(1)(D)(ii) (providing that sentences for crimes under

23-13618                Opinion of the Court                    5

§ 924(c) "shall [not] run concurrently with any other term of imprisonment imposed on the person").[3]

The PSI also discussed Pacheco Colon's background. It detailed Pacheco Colon's eleven prior arrests, as well as his prior convictions for, among other things, delivery of heroin, possession of a weapon during the commission of a felony, and distribution of 40 grams or more of a mixture and substance containing a detectable amount of fentanyl.[4] The PSI also explained that Pacheco Colon was diagnosed with bipolar disorder at age 10 and that he grew up in an abusive household. At 19 years old, he was shot in the stomach by one of his mother's abusive boyfriends. After being prescribed pain medication, he became addicted to Percocet. The PSI identified these facts as ones that "may warrant departure," but then clarified that "the instant offenses of conviction are serious and involve violence."[5]

---

[3] Pacheco Colon did not object to the PSI's calculations as described above.

[4] At the time the probation officer drafted the PSI and the district court held the sentencing hearing, Pacheco Colon was still awaiting sentencing in the Middle District of Florida for the fentanyl-related charge.

[5] Pacheco Colon filed a sentencing memorandum to give the district court "additional perspective on his upbringing and life experiences." The memorandum explained, as did the PSI, that Pacheco Colon grew up in an abusive household, was diagnosed with bipolar disorder, was shot when he was 19, and was addicted to opioids. The memorandum stated that Pacheco Colon's "incarceration for a significant period of time [was] a foregone conclusion" but urged the district court to "exercise its discretion" and "sentence him within the guideline range."

C.    *Sentencing Hearing*

The district then held a sentencing hearing.    The government asked the court to sentence Pacheco Colon to 108 months for count three—*i.e.*, the "high end" of the guidelines range for that count—and 96 months for count four—12 months above the guidelines range for that count.  The government emphasized Pacheco Colon's long criminal history and the "severe" circumstances underlying this case.

Counsel for Pacheco Colon, on the other hand, asked for leniency.  He emphasized Pacheco Colon's abusive upbringing, his mental health issues, his lack of education, his being shot previously, and his addiction to opioids.  For his part, Pacheco Colon acknowledged that he "ha[d] to change [his] ways" and that he was "doing [his] best."

The district court then announced its sentence.  The court stated that it had "considered the statements of all the parties, the presentence report, which contains the advisory guidelines, and the statutory factors set forth in 18 U.S.C. § 3553(a)."  It weighed Pacheco Colon's criminal history and the seriousness of the instant offenses against Pacheco Colon's tough background.  The court explained that Pacheco Colon had "11 prior arrests" and a "horrible, horrible background."  In the district court's own language: "[T]his [was] the twelfth fork in the road" Pacheco Colon had come to, and he had "taken the wrong one every single time." "[S]ometimes you have to get hit between the eyes by a two-by-four before we get your attention."  The court then acknowledged

that it "underst[ood] that part of it was the way [Pacheco Colon] was treated as a child and as a youth." "But his actions on the night that this happened terrorized people and put people in fear of their lives." In sum, the district court stated that Pacheco Colon's "action[s] and behavior in this case [were] so egregious."

Accordingly, the district court sentenced Pacheco Colon to 200 months' imprisonment followed by five years of supervised release. Of the 200 months, 108 were for carjacking (count three), and 92 were for brandishing a firearm in furtherance of a crime of violence (count four). The sentence for count three was at the high end of the 87-to-108-month advisory guidelines range for that count, but the sentence for count four was eight months more than the advisory guidelines range for that count. Given the eight-month disparity concerning count four, counsel for Pacheco Colon objected to that part of the sentence as "an upward departure" for which the court did not provide "written prior notice."

After the district court entered judgment imposing the sentence, Pacheco Colon appealed.

## II.    Standard of Review

Whether Federal Rule of Criminal Procedure 32(h) required the district court to give advance notice of its intent to sentence Pacheco Colon above the guidelines range in this case is a legal question that we review *de novo*. *See United States v. Spears*, 443 F.3d 1358, 1361 (11th Cir. 2006) ("We review *de novo* legal questions concerning the Federal Rules of Criminal Procedure."). We review the reasonableness of a sentence for an abuse of discretion,

considering "the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 41, 51 (2007).

### III.    Discussion

Pacheco Colon makes two arguments on appeal. First, he argues that Federal Rule of Criminal Procedure 32(h) required the district court to give him advance notice before sentencing him above the guidelines range for count four. Second, he argues that his sentence was substantively unreasonable. Ultimately, we conclude that both issues lack merit, and we therefore affirm.

> *A.    Rule 32(h) did not require the district court to give Pacheco Colon advance notice of its intent to sentence him above the advisory guidelines range*

Under Federal Rule of Criminal Procedure 32(h), "[b]efore the [district] court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." Importantly, Rule 32(h)'s notice requirement applies only in the context of departures, not variances. *Irizarry v. United States*, 553 U.S. 708, 714 (2008). A "departure" is a "term of art under the [g]uidelines and refers only to non-[g]uidelines sentences imposed under the framework set out in the [g]uidelines." *Id.* A variance, on the other hand, "is a sentence imposed outside the guidelines range when the court determines that a guidelines sentence will not adequately further the purposes reflected in 18

U.S.C. § 3553(a)." *United States v. Hall*, 965 F.3d 1281, 1295 (11th Cir. 2020).

Whether Pacheco Colon was entitled to notice of the district court's intent to sentence him above the guidelines range for count four thus turns on whether the district court applied a variance or a departure. *Id.*; *Irizarry*, 553 U.S. at 714. To determine whether a district court varied or departed, we look "to the court's reasoning and what it said about that reasoning." *Hall*, 965 F.3d at 1296. "Specifically, we look at whether [the court] cited a specific guidelines departure provision . . . or whether its rationale was based on the § 3553(a) factors and a determination that the guidelines range was inadequate." *Id.* (citing *United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009)).

Here, we conclude that the district court applied a variance, not a departure. The court did not cite a specific guidelines departure provision when imposing the sentence, which tilts in favor of finding a variance. *See Kapordelis*, 569 F.3d at 1316 (finding a variance instead of a departure in part because the district court "did not cite to a specific guideline departure provision"). And as explained below, the specific reasons the court gave for the above-guidelines sentence—*i.e.*, (1) Pacheco Colon's extensive criminal history and (2) the seriousness of the instant offenses—were "grounded in the § 3553(a) sentencing factors." *Hall*, 965 F.3d at 1296.

First, at the sentencing hearing, the district court explained that this was the "twelfth fork in the road" that Pacheco Colon had

come to and that he had "taken the wrong one every single time." The court explained that Pacheco Colon had a "horrible, horrible background," including 11 prior arrests, and remarked that "sometimes you need to get hit between the eyes with a two-by-four before we get your attention." In other words, the court found that given Pacheco Colon's criminal history, a higher sentence was warranted. We have explained that a defendant's criminal history "fits squarely into one of the § 3553(a) factors, the history and characteristics of the offender." *United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008) (citing 18 U.S.C. § 3553(a)(1)).

Second, the district court emphasized multiple times the serious nature of this case. The court first stated that the facts were "horrible," and defense counsel agreed. The court then explained that "this case was so egregious" and that Pacheco Colon's actions "terrorized people and put people in fear of their lives."[6] Just like a defendant's criminal history, the seriousness of a given offense fits comfortably within the § 3553(a) factors. *See* 18 U.S.C. § 3553(a)(1) (requiring district courts to consider "the nature and circumstances of the offense" when sentencing a defendant); *id.* § 3553(a)(2)(A) (requiring district courts to consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote

---

[6] Again, at the sentencing hearing, the government clarified that Pacheco Colon "was the person who actually held the [driver] at gunpoint and robbed him." The government also clarified that Pacheco Colon was "the one who forced . . . the [driver] up to his apartment at gunpoint [and] continued to rob him in his apartment." Pacheco Colon disputed neither statement.

respect for the law, and to provide just punishment for the offense"); *see also United States v. Pugh*, 515 F.3d 1179, 1198–99 (11th Cir. 2008) (explaining that a sentence must "reflect the seriousness of the crime" under § 3553(a)).

Because the district court's reasoning for sentencing Pacheco Colon above the advisory guidelines range flowed from the § 3553(a) factors, the district court applied a variance, not a departure. Accordingly, Rule 32(h)'s notice requirement did not apply. *See Irizarry*, 553 U.S. at 714.

Pacheco Colon disagrees and argues that "the above-guidelines sentence was effectively an upward departure" because the district court relied "largely in part on his criminal history" in imposing the sentence. According to him, because the guidelines provide for upward departures based on criminal history, any above-guidelines sentence premised on criminal history is necessarily a departure.

Pacheco Colon's argument fails. We have explained that "the fact that the work a variance does might also be done by a departure proves nothing." *Hall*, 965 F.3d at 1297. Instead, "[w]hat matters is [whether] the grounds the district court gave for varying above the guidelines range fit comfortably under the § 3553(a) provisions." *Id.* If they do, then there is a variance, and "it [does not] matter whether [the grounds given by the district court] might also have fit under a departure provision." *Id.*

Here, as explained above, sentencing above the guidelines range based on a defendant's criminal history and the seriousness

of an offense are both grounds covered by § 3553(a). *Williams*, 526 F.3d at 1324; *Pugh*, 515 F.3d at 1198–99. The district court thus applied a variance, and there is nothing in the record showing otherwise. *Hall*, 965 F.3d at 1297 (explaining that "Rule 32(h)'s notice requirement applies only to cases in which the departure was based *solely* on 'the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission' (quoting *Irizarry*, 553 U.S. at 714)). Pacheco Colon's arguments to the contrary thus fail.

Lastly, Pacheco Colon implies that because the district court did not explicitly examine every § 3553(a) factor on the record, its sentence could not have been a result of the § 3553(a) factors. We reject this argument, too. Though district courts must consider all the § 3553(a) factors when sentencing a defendant, they need not "explicitly address each of the § 3553(a) factors or all of the mitigating evidence." *United States v. Al-Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024) (quotation omitted). Instead, an "acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *Id.* (quotation omitted). The district court made such an acknowledgment here. The court explained that its sentence was based on "the statements of all the parties, the presentence report, which contains the advisory guidelines, and the statutory factors as set forth in 18 U.S.C. § 3553(a)." As discussed above, it then explicitly analyzed at least two of the statutory factors. That it did not do more than that does not mean that the sentence was not based on all the § 3553(a) factors. *Id.*

Because the above-guidelines sentence for count four was the result of a variance and not a departure, Rule 32(h)'s notice requirement was inapplicable. We now turn to the substantive reasonableness of the sentence.

> B.    *Pacheco Colon's sentence was not substantively unreasonable*

Pacheco Colon next argues that his above-guidelines sentence for count four was substantively unreasonable because the district court did not adequately consider his "unique history and personal characteristics." Specifically, he claims the district court failed to consider that he grew up in an abusive household, was shot by one of his mother's boyfriends, was diagnosed with bipolar disorder, had other mental health issues, and was addicted to drugs. We disagree.

District courts must impose sentences sufficient to "comply with the factors and purposes set forth in § 3553(a)(2), which include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public." *United States v. Plate*, 839 F.3d 950, 957 (11th Cir. 2016) (citing 18 U.S.C. § 3553(a)(2)). District courts must also consider "the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to

provide restitution to the victim." *Id.* (citing 18 U.S.C. § 3553(a)(1), (3)–(7)).

"We review a criminal sentence's substantive reasonableness under an abuse-of-discretion standard, even when, as here, it is above the [g]uidelines range." *United States v. Curtin*, 78 F.4th 1299, 1311 (11th Cir. 2023). "A district court commits substantive error, and abuses its discretion, when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quotation omitted). "The decision about how much weight to assign to a particular sentencing factor is 'committed to the sound discretion of the district court.'" *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quoting *Williams*, 526 F.3d at 1322). And "attach[ing] great weight" to some factors but not others does not render a sentence unreasonable. *Williams*, 526 F.3d at 1323.

When it comes to substantive unreasonableness, we will vacate a district court's sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case." *Al-Jaberi*, 97 F.4th at 1330 (quotation omitted). "A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence." *Id.* (quoting *United States v. Stanley*, 739 F.3d 633, 656

(11th Cir. 2014)).  The extent of the deviation from the advisory guidelines range is also relevant, but an upward variance does not carry a presumption of unreasonableness.  *Gall*, 552 U.S. at 47.

Pacheco Colon's argument that the district court did not consider his "unique history and personal characteristics" before fashioning the sentence is belied by the record.  Pacheco Colon's turbulent personal history was detailed in statements at the sentencing hearing, in the PSI, and in Pacheco Colon's sentencing memorandum.  The district court explicitly acknowledged that it had considered all these materials, stating at the sentencing hearing that it had considered "the statements of all the parties, the presentence report, which contains the advisory guidelines, and the statutory factors as set forth in 18 U.S.C. § 3553(a)," and that it had "reviewed . . . the sentencing memorandum" and was "ready to proceed."  Indeed, in summarizing its reasoning for the sentence imposed, the district court stated that it "underst[ood] that part of [what made Pacheco Colon commit the crimes here] was the way he was treated as a child and as a youth."  Given these statements, we conclude that the district court adequately considered Pacheco Colon's troubled past.[7]  Independently discussing each piece of

---

[7] Pacheco Colon argues that the district court's statement that it understood that Pacheco Colon was treated badly as a child and as a youth "does not reflect that consideration was given to [his] untreated mental health condition or his resulting drug addiction."  Even if true, Pacheco Colon ignores the fact that the district court stated that it had considered the PSI and the sentencing memorandum, both of which discussed Pacheco Colon's mental health and drug addiction.

mitigating evidence was not required. *Al-Jaberi*, 97 F.4th at 1330. Instead, the "acknowledgment [that] the district court . . . considered the defendant's arguments and the § 3553(a) factors" sufficed. *Id.*

The district court also did not improperly weigh Pacheco Colon's criminal history and the seriousness of the instant offenses on one hand, and his personal history on the other. We will not upset a sentence based on an improper weighing of the § 3553(a) factors "unless we are left with the definite and firm conviction that the district court committed a clear error of judgment." *United States v. Mateos*, 623 F.3d 1350, 1366 (11th Cir. 2010). And here, we see no such error. The district court found that the facts here were "egregious" and that Pacheco Colon "terrorized" people. It then imposed the instant sentence despite "understand[ing]" that Pacheco Colon had a rough background. Attaching greater weight to Pacheco Colon's criminal history and the seriousness of the offenses was not a "clear error of judgment." *Mateos*, 623 F.3d at 1366. Instead, the district court did what we have said it is allowed to do. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) ("The district court . . . is permitted to attach 'great weight' to [some] factor[s] over others." (quotation omitted)).

The district court imposed a sentence of 200 months' imprisonment, only eight months above the advisory guidelines ranges for both counts three and four. This sentence was well below the statutory maximum of life imprisonment, which indicates reasonableness. *See United States v. Gonzalez*, 550 F.3d

23-13618                Opinion of the Court                17

1319, 1324 (11th Cir. 2008).  And given Pacheco Colon's criminal history and the seriousness of the instant offenses—both adequately explained and relied upon by the district court—the sentence was reasonable.  *Rosales-Bruno*, 789 F.3d at 1263 ("Placing great weight on a defendant's criminal record is entirely consistent with § 3553(a) . . . ."); *Williams*, 526 F.3d at 1323 (upholding a reasonably explained variance based on "the seriousness of the offense").

## IV.    Conclusion

For these reasons, we affirm Pacheco Colon's sentence.

**AFFIRMED.**