COOK, J., delivered the opinion of the court, in which KETHLEDGE, J., joined. MARTIN, J. (pp. 508-10), delivered a separate dissenting opinion.
OPINION
COOK, Circuit Judge.
Defendant LaMonterie Banks appeals his sentence of 180 months’ imprisonment, challenging the applicability of an enhancement under the Armed Career Criminal Act (“ACCA”). See 18 U.S.C § 924(e). Concluding that the district court correctly sentenced him as an armed career criminal under the ACCA, we affirm.
Banks pled guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g). A presentence report (“PSR”) noted that three of his prior convictions— two for aggravated burglary and one for robbery — qualified as “violent felonies,” triggering the armed-career-criminal sentencing enhancement under the ACCA. See 18 U.S.C. § 924(e)(1) (setting a minimum of fifteen years’ imprisonment for those who violate § 922(g) and “ha[ve] three previous convictions ... for a violent felony ... committed on occasions different from one another”). Arguing that the ACCA defines “violent felony” more narrowly for crimes committed as a minor, Banks objected to the PSR’s classification of his adult conviction for robbery (committed at the age of seventeen) as a violent felony. He also argued that the Eighth Amendment categorically prohibits applying an ACCA sentencing enhancement triggered by an offense committed as a minor, where the enhancement increases the maximum sentence to life without parole. Rejecting these contentions, the district court sentenced Banks to the statutory minimum under the ACCA: 180 months’ imprisonment. Banks appeals, raising the same two arguments.
We review de novo a district court’s legal conclusions under the ACCA and a defendant’s Eighth Amendment challenge to a sentence. United, States v. Hill, 440 F.3d 292, 295 (6th Cir.2006); United States v. Caver, 470 F.3d 220, 247 (6th Cir.2006). The statute defines “violent felony” to mean “any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult,” subject to an additional requirement outlined in subsections (i) and (ii) of § 924(e)(2)(B). See 18 U.S.C. § 924(e)(2)(B). Banks does not contest that his robbery conviction meets the requirement described in those subsections. Instead, he claims that the robbery fails to qualify as an “act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device.” See id. This matters not. The statute employs the disjunctive “or,” such that regardless of whether Banks’s robbery qualifies as an “act of juvenile delinquency,” his adult conviction for that robbery falls under the definition of “violent felony” as a “crime punishable by imprisonment for a term exceeding one year.” See Tenn.Code Ann. §§ 39-13-401(b), 40-35-111(b)(3) (setting the minimum penalty for robbery at three years’ imprisonment); United States v. Taylor, 301 Fed.Appx. 508, 522 (6th Cir.2008) (citing United States v. Spears, 443 F.3d 1358, 1360-61 (11th Cir. *507 2006); United States v. Lender, 985 F.2d 151, 156 (4th Cir.1993)) (holding that, under the disjunctive definition of violent felony, the first part of the definition applies to adult convictions, even if the conviction involves an act committed as a juvenile).
The dissent would have us review an issue Banks failed to raise before the district court or this court: whether Banks’s robbery conviction “has as an element the use, attempted use, or threatened use of physical force against the person of another,” under subsection (i). We decline to review this forfeited argument. See United States v. Corp, 668 F.3d 379, 387-88 (6th Cir.2012) (deeming argument forfeited where party did not “object with that reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection” (internal quotation marks and citation omitted)).
Furthermore, the Eighth Amendment permits the application of the ACCA enhancement to this case. Relying on Graham v. Florida, — U.S. -, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), Banks insists that using an offense committed as a juvenile to enhance the maximum penalty to life without parole, see United States v. Wolak, 923 F.2d 1193, 1199 (6th Cir.1991) (recognizing life imprisonment as the maximum penalty under the ACCA, since the statute sets no upper limit), categorically violates the Eighth Amendment’s prohibition against cruel and unusual punishment. But Graham v. Florida only categorically prohibited sentencing a juvenile to life without parole when neither the current conviction nor the predicate convictions involved a homicidal offense; the Supreme Court has yet to categorically prohibit courts from considering juvenile-age offenses when applying enhancements to an adult’s conviction. See United States v. Graham (“Donald Graham”), 622 F.3d 445, 462-63 (6th Cir.2010) (collecting cases from other circuits concluding that Graham v. Florida limited its holding to juvenile offenders, leaving untouched the practice of considering juvenile-age criminal history when sentencing an adult offender). Furthermore, in Donald Graham, we permitted a court to rely on a juvenile-age offense to enhance an adult-age offense’s maximum penalty to life without parole, expressly declining to extend Graham v. Florida to adult offenders. See id. at 463. We cannot disturb this holding absent en banc review.
Banks’s attempts to distinguish this case fail. He argues that Donald Graham addressed enhancements under 18 U.S.C. § 841(b)(1) rather than the ACCA. But the case’s reasoning, concerning the constitutionality of enhancing maximum penalties for adult offenders to life without parole based on juvenile criminal history, applies equally to enhancements under the ACCA. Furthermore, though Donald Graham reviewed its Eighth Amendment challenge for plain error, the case adopted the reasoning of our sister circuits in determining that no constitutional error, let alone plain error, occurred. See 622 F.3d at 462-63. And Banks’s remaining arguments, relying on circumstances particular to him, fail to demonstrate the need for a categorical ban.
To create a categorical prohibition against the possibility of life without parole for adult offenders with juvenile-age criminal history, Banks needs to demonstrate a mismatch between the culpability of the offenders and the severity of the punishment, whether in the form of “objective indicia of national consensus” regarding the inappropriateness of the punishment or some other reason to doubt that “the challenged sentencing practice serves legitimate penological goals.” Graham, 130 S.Ct. at 2023, 2026 (citations *508 omitted). But Banks offers no data to suggest national consensus. His critiques of the penological goals served (adapted from Graham’s critique of sentencing practices involving juveniles) translate poorly to adults. See Appellant Br. 20-21 (claiming that “the case for retribution is not as strong with a minor as with an adult,” that juveniles “will be less susceptible to deterrence,” and that “it would be misguided to equate the failings of a minor with those of an adult” (citations, internal quotation marks, and alteration omitted)). Banks, 33 years old at the time of his felon-in-possession offense, remained fully culpable as an adult for his violation and fully capable of appreciating that his earlier criminal history could enhance his punishment. Because Banks fails to distinguish Donald Graham, we decline to categorically prohibit the consideration of juvenile-age offenses when determining the applicability of the ACCA’s sentencing enhancement.
Failing a categorical challenge, Banks could only bring an Eighth Amendment challenge targeting his particular circumstances. Yet he offers no argument to suggest that his actual sentence — the statutory minimum of fifteen years — is grossly disproportionate to his crime and record. See United States v. Hill, 30 F.3d 48, 50 (6th Cir.1994) (concluding that the Eighth Amendment “only prohibit[s] extreme sentences that are grossly disproportionate to the crime” (internal quotation marks omitted) (quoting Harmelin v. Michigan, 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991))).
Accordingly, we AFFIRM.