NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0058n.06

Case No. 19-3111

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 28, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| JOHN CHAPPLE, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

_____/

Before: GUY, SUTTON, and GRIFFIN, Circuit Judges.

**RALPH B. GUY, JR., Circuit Judge.** A jury convicted defendant John Chapple of being a felon in possession of a firearm. He now appeals, alleging constitutional violations and seeking a new trial. We affirm.

## I. BACKGROUND

John Chapple endured an exceptionally difficult life almost from the beginning. Consequently, it seems, that life quickly became one of crime. Chapple committed burglary at the age of twelve, assault at fourteen, aggravated robbery at fifteen, possession of crack cocaine at sixteen, and kidnapping with a firearm at seventeen. A few months after his eighteenth birthday, Chapple was sentenced to thirteen years in prison, stemming from a recent crime spree.

A little over twelve years later, he was released on parole, which came with conditions. Among other things, he was required to wear an electronic ankle monitor and charge it each day. His parole officer, Nicole Leligdon, was also allowed to conduct unannounced home visits. And as a convicted felon, Chapple could not possess a firearm.

Leligdon conducted a home visit on May 10, 2018, accompanied by "between eight and ten" law enforcement officers. The contingent arrived just as Chapple and a friend were approaching his home. Chapple was carrying some bags and casually greeted Leligdon when he saw her. She told him why they were there and then had him handcuffed and his bags searched. One of the bags contained the charger for Chapple's ankle monitor along with a handgun. According to the officers, when Chapple was asked about the gun, he said it was his, and that he used it for protection.

A month later, a federal grand jury indicted him for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He pleaded not guilty and went to trial two months later. The jury convicted him, and the court sentenced him to fifteen years in prison. He timely appealed.

## II.  DISCUSSION

### A.  Appointed Counsel

Chapple's first argument is about what happened at his arraignment. The Rules of Criminal Procedure require the United States to take an arrested person before a magistrate judge without unnecessary delay, and when the charge is a felony, the judge must inform the defendant at that time of his right to retain counsel. Fed. R. Crim. P. 5(a)(1); 5(d)(1)(B); 9(c)(3). The judge who arraigned Chapple did not inform him of this right. Rather, before the arraignment, the court appointed the Federal Public Defender to represent Chapple. But then during the arraignment, the judge did not mention Chapple's right to retain someone else. The government concedes this was

error but argues that it was harmless. Chapple says it violated his Sixth Amendment right and entitles him to a new trial.

The general rule is "that a constitutional error does not automatically require reversal of a conviction[.]" *Arizona v. Fulminante*, 499 U.S. 279, 306 (1991). Chapple raised his argument for the first time on appeal, so the government asks us, without objection, to apply plain-error review. *See United States v. Dubrule*, 822 F.3d 866, 882 (6th Cir. 2016) ("This Court reviews unpreserved constitutional claims for plain error.") Under that standard, Chapple would have to show that "(1) an error occurred; (2) the error was obvious or clear; (3) the error affected his substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Cline*, 362 F.3d 343, 348 (6th Cir. 2004).

An error occurred, and it was obvious, but Chapple has not shown that the error affected his substantial rights. In his sole brief before this court, he asserts only that the judge's omission caused the "possible denial of [his] right to counsel of his choice." But when it comes to the right to choose one's counsel under the Sixth Amendment, the "[d]eprivation of the right is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants[.]" *United States v. Gonzalez-Lopez*, 548 U.S. 140, 148 (2006). Chapple has merely shown a violation of Rule 5 and he speculates that a deprivation of his constitutional rights *might* have occurred. Without knowing whether Chapple was already aware of his right, and without knowing whether he was actually able to retain an attorney, we cannot conclude that the court prevented Chapple from choosing his lawyer. *Cf. id.* at 154–55 (Alito, J., dissenting) (giving examples of when a court can properly prevent a defendant from using his preferred attorney). Chapple has not shown that his Sixth Amendment rights were violated, so we reject his claim.

### B. Interruptions at Closing Arguments

The district court twice interrupted Chapple's attorney during his closing argument and told the jury to disregard some of the attorney's comments. After the jury rendered its verdict, Chapple moved for a new trial, arguing that the interruptions "were improper and prejudiced Mr. Chapple's right to a fair trial." The court denied the motion. Now on appeal, Chapple argues that the interruptions deprived him of his "right to assistance of counsel."

The dispute hinges on the attorney's so-called "golden rule" arguments. A golden rule argument involves asking jurors to put themselves in the defendant's position. *Mich. First Credit Union v. Cumis Ins. Soc., Inc.*, 641 F.3d 240, 249 (6th Cir. 2011). Such arguments are "improper because they invite decision based on bias and prejudice rather than consideration of facts." *Id.* (quoting *Johnson v. Howard*, 24 F. App'x 480, 487 (6th Cir. 2001)). Chapple contends that his lawyer's remarks were not actually golden rule arguments. But even if they were not, Chapple has not demonstrated that relief is warranted.

According to Chapple, the court's instructions to the jury to disregard certain arguments violated his Sixth Amendment right to the assistance of counsel. Yet he offers no cases supporting this theory. He does cite *Herring v. New York*, but that case cuts against him. There, the Supreme Court held that a New York court rule was unconstitutional because it permitted a judge presiding over a criminal bench trial "to deny absolutely the opportunity for any closing summation at all." 422 U.S. 853, 863 (1975). But so long as the trial court allows closing arguments, it has significant discretion in curbing those arguments:

> The presiding judge must be and is given great latitude in controlling the duration and limiting the scope of closing summations. He may limit counsel to a reasonable time and may terminate argument when continuation would be repetitive or redundant. He may ensure that argument does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial. In all these respects he must have broad discretion.

*Id.* at 862.  Chapple's attorney was given ample time to make a closing argument.  Thus, even assuming the court's brief interruptions and instructions to the jury were misplaced, Chapple must show that they had a "substantial and injurious effect or influence in determining the jury's verdict." *Batey v. Scutt*, 460 F. App'x 530, 537 (6th Cir. 2012) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993)).  Chapple has not made such a showing, so his claim fails.

## C.  The Government's Comments

During the government's closing rebuttal arguments, the following exchange occurred:

GOVERNMENT:  I can tell you this: The undisputed evidence is that the charger was found in the bag and that the defendant admitted possessing a firearm.  The only speculation, that the defendant didn't say it was his firearm or that the charger wasn't in the bag, came from opening and closing arguments of [Chapple's attorney]. There was nothing that came from the witness stand that ever --

DEFENSE: Objection, Your Honor.

THE COURT: You remember what the evidence is.

GOVERNMENT: So the undisputed evidence, from my recollection, is that the charger was in the bag and the defendant admitted that the firearm was his. But to accept that the charger was in the defendant's pocket, if you look at that picture, if the charger was in the pocket, that picture was clearly a staged photo of someone holding the charger by the bag.

It is not clear from the transcript what Chapple's objection was, but when the verdict came back guilty, Chapple moved for a new trial on the ground that the government's statement was a comment on Chapple's decision to not testify.  The court denied the motion and Chapple now revives the argument on appeal.

There are two ways to look at the government's comment about "undisputed" testimony.  The way Chapple sees it, the government was pointing out that he never took the stand to dispute the officers' claims.  The way the court and the government saw it, however, the government was pointing out that all three of the officers who took the stand had the same recollection: Chapple

admitted that the gun was his. Even if Chapple's interpretation is the better one, he is still not entitled to relief.

"[I]solated inappropriate remarks by the prosecutor, in an otherwise fair trial, do not generally justify reversal of a criminal conviction." *United States v. Chalkias*, 971 F.2d 1206, 1213 (6th Cir. 1992) (relying on *United States v. Young*, 470 U.S. 1, 11–12 (1985)). In determining whether the prosecutor's conduct was flagrant enough to warrant reversal, we consider: "(1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong." *United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001).

The remarks in this case fail that test. They likely did not mislead the jury, particularly given the jury instructions.[1] They occurred only once. Admittedly, the evidence against the defendant was limited—three officers gave similar testimony about what Chapple said to them and no one made a record of those statements—but Chapple also presented no evidence to the contrary. On balance, the government's stray remarks during closing argument are not the flagrant type justifying reversal.

## D. Sentencing

By statute, if a person has three prior violent felony convictions and is then convicted of possessing a firearm, his minimum sentence is 15 years of imprisonment. 18 U.S.C. § 924(e)(1). Chapple concedes that he is such a person. He has three prior convictions for felonious assault

---

[1] The court instructed them clearly:

> A defendant has an absolute right not to testify. The fact that he did not testify may not be considered by you in any way. Do not even discuss it in your deliberations. Remember it's up to the Government to prove the defendant guilty beyond a reasonable doubt. It's not up to the defendant to prove that he is innocent.

with a deadly weapon which we have previously found to be a predicate offense. *See United States v. Burris*, 912 F.3d 386, 406 (6th Cir.) (en banc), *cert. denied*, 140 S. Ct. 90 (2019). Consequently, Chapple does not suggest that the court erred in designating him an armed career criminal.

Instead, Chapple argues that his sentence is nonetheless cruel and unusual, in violation of the Eighth Amendment. His argument hangs on disproportionality. He was a teenager when he committed the predicate offenses and spent the next 12 years in prison. He had been on parole for only three months when he was caught with the handgun, which he claimed was for protection. Now he sits in prison once again, merely for the possession, and will not be free again until he is in his forties. Chapple insists that the 15-year sentence he is now serving is "grossly disproportionate to the crime of possession of a firearm" and is therefore a cruel and unusual punishment.

The trouble for Chapple, as he admits, is that we previously rejected a categorical prohibition on "the consideration of juvenile-age offenses when determining the applicability" of § 924(e)'s fifteen-year mandatory minimum. *United States v. Banks*, 679 F.3d 505, 508 (6th Cir. 2012). Like Chapple, the defendant in *Banks* also received a 15-year sentence for possessing a firearm based on predicate offenses he committed as a juvenile. We did point out that the *Banks* defendant could have brought "an Eighth Amendment challenge targeting his particular circumstances," but he had "offer[ed] no argument to suggest that his actual sentence—the statutory minimum of fifteen years—[was] grossly disproportionate to his crime and record." *Id.* So we affirmed the sentence.

Chapple does argue a bit about his particular circumstances. He points out several times that he was "a 17-year old [who] went on a crime spree during a four-month period of time" and already "spent 13 years in prison for those crimes." And there was no evidence that the firearm

he was caught with had been or would be used in a crime. But Chapple's description is incomplete. Although it took only three predicate offenses to qualify him for the 15-year minimum, his rap sheet is much longer. That history matters. *Cf. United States v. Young*, 766 F.3d 621, 628 (6th Cir. 2014) (taking into consideration the defendant's recidivism and prior crimes, even though they had occurred 20 years earlier). We have recognized, more than once, that "[t]he striking and troublesome harshness of a fifteen-year sentence for felon in possession of a firearm is but a particularly clear example of our sometimes difficult duty to apply the policy choices of Congress, rather than our own." *Id.* (quoting *United States v. Nagy*, 760 F.3d 485, 490 (6th Cir. 2014)) (alterations adopted). Chapple has not shown why his case is different than those that have come before it. His Eighth Amendment argument thus fails.

\* \* \*

We AFFIRM the judgment of the district court.